DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Michael Anderson, appeals from a Summit County Court of Common Pleas denial of his petition for postconviction relief. We affirm.
In June, 1997, Defendant was indicted on one count of theft in violation of R.C. 2913.02(A)(3), one count of forgery in violation of R.C. 2913.31(A)(3), and one count of escape in violation of R.C. 2921.34(A). Upon motion by the prosecution, the trials were severed and the escape charge was tried independently of the other two charges. Following a jury trial, Defendant was found guilty of escape, a third degree felony, and sentenced to four years incarceration. Defendant timely appealed his conviction. The conviction was affirmed by this court in State v.Anderson (June 16, 1999), Summit App. No. 19162, unreported. On December 4, 1998, Defendant petitioned the trial court to vacate or set aside his sentence. Defendant's petition for postconviction relief was subsequently denied on January 5, 1998. Defendant timely appealed and has raised three assignments of error for review. All three assignments of error deal with the effectiveness of trial counsel and will be addressed concurrently for ease of review.
ASSIGNMENT OF ERROR I
 [Defendant] was denied effective assistance of trial counsel and compulsory process where trial attorney failed to subpoena witnesses.
ASSIGNMENT OF ERROR II
 [Defendant] was denied effective assistance of trial counsel where attorney failed to investigate and interview witnesses, where investigation would have revealed evidence bearing upon the credibility of the State[']s witness.
ASSIGNMENT OF ERROR III
 [Defendant] was denied effective assistance of counsel where counsel failed to subpoena Detective Fields regarding the arresting officer[s'] report, and the incredible inconsistencies between the two arresting officers.
The Supreme Court of Ohio has stated that:
 Where [a] defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief.
State v. Cole (1982), 2 Ohio St.3d 112, syllabus. Appellant bears the initial burden of demonstrating, from evidence outside the record, that the performance of trial counsel was objectively deficient and that Appellant was prejudiced by the deficiency. See State v. Jackson (1980), 64 Ohio St.2d 107, syllabus. See, also, Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693; State v. Bradley (1989), 42 Ohio St.3d 136, 142.
Appellant was represented by different counsel on direct appeal. The only additional evidence submitted in support of his ineffective assistance of counsel claim are two affidavits claiming that the state's witness committed perjury and falsified information regarding the identification of Defendant in relation to the charges of theft and forgery. These affidavits relate to charges wholly outside of the current case and are insufficient to demonstrate that Appellant could not have raised ineffective assistance of counsel on direct appeal. Therefore, Defendant's first, second, and third assignments of error are overruled as barred by res judicata and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J. and CARR, J. CONCUR