[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1993, defendant-appellant Gerald Martin was found guilty of aggravated murder with a gun specification following a jury trial. Martin appealed his conviction, bringing forth six assignments. In 1994, this court denied Martin's appeal and affirmed the judgment of the trial court. Martin then filed a petition for postconviction relief, to which he attached his own supporting affidavit. The trial court overruled Martin's petition for postconviction relief without an evidentiary hearing, and Martin now appeals that decision.
In Martin's first and second assignments of error, he alleges that the trial court erred in dismissing his petition for postconviction relief based on res judicata. In his third assignment of error, Martin argues that the trial court erred in denying his request for an evidentiary hearing. We address these assignments of error together.
It is well settled that claims alleged in a postconviction petition may be dismissed without an evidentiary hearing based on the doctrine of res judicata.[2] Res judicata
bars any claim that "was raised or could have been raised" at the original trial or in a direct appeal.[3] After reviewing Martin's postconviction challenges to his aggravated-murder conviction, we conclude that his claims could have been raised on direct appeal.
Martin first agues that, pursuant to R.C. 2903.01(D), the doctrine of transferred intent cannot support a conviction of aggravated murder. Since Martin's direct appeal, R.C. 2903.01(D) has been amended. It is clear that the current statute does not support Martin's allegations relating to the doctrine of transferred intent.[4] However, assuming that Martin's claim may have been valid under the old law (as it existed between 1981 through 1996), we conclude that Martin is nevertheless barred from bringing it. On direct appeal, we reviewed the sufficiency and the weight of the evidence relating to his aggravated-murder conviction; therefore his argument relating to transferred intent could have been raised at that time. As a result, we hold that the trial court did not err in dismissing this claim on the ground of res judicata.
Martin further maintains that his trial counsel was ineffective for allowing a conviction to rest on the doctrine of transferred intent. When alleging ineffectiveness of trial counsel, the petitioner bears the initial burden of proffering evidence that his counsel was ineffective and that the ineffectiveness prejudiced him.[5] Here, Martin attached an affidavit stating that his trial counsel was ineffective, but he failed to point to any evidence outside the record that, if believed, would support his allegation. Where a claim of ineffective assistance of trial counsel may fairly have been raised by new counsel on direct appeal and determined without evidence dehors the record, the claim may be dismissed under the doctrine of res judicata.[6] Because new counsel represented Martin on direct appeal, and because this issue could fairly have been determined without resorting to evidence outside the record, we conclude that the trial court did not err in dismissing this claim in the postconviction proceedings.
Having held that Martin's claims were properly barred, we further conclude that the trial court did not err in dismissing his petition without an evidentiary hearing.[7] As a result, we overrule his first, second, and third assignments of error, and we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., WINKLER and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 23, 2000
per order of the Court _______________________________.
 _______________________________________________ Presiding Judge
[2] See State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus.
[3] See id.
[4] R.C. 2903.01(D) currently states that "[n]o person who is under detention as a result of having been found guilty of or having pleaded guilty to a felony or who breaks that detention shall purposely cause the death or another."
[5] See State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819, syllabus.
[6] See State v. Cole (1982), 2 Ohio St.3d 112,443 N.E.2d 169, syllabus.
[7] See R.C. 2953.21(E).