THE STATE OF OHIO, APPELLEE, *v.* COLE, APPELLANT.

[Cite as State *v.* Cole (1982), 2 Ohio St. 3d 112.]

(No. 81-874—Decided December 29, 1982.)

*Mr. Anthony Pizza,* prosecuting attorney, and *Mr. Charles H. Sallah,* for appellee.

*Mr. Randall M. Dana,* public defender, *Mr. Mark J. Lewinter* and *Mr. John A. Bay,* for appellant.

LOCHER, J. In the case at bar, this court is required to address only one issue: whether the court of appeals erred in affirming the trial court's dismissal of appellant's petition for postconviction relief on the basis of *res judicata*. We find no error and, thus, affirm the appellate court's decision.

Appellant argues that the principle of *res judicata* does not bar the assertion of ineffective assistance of counsel in his petition and that he should have been afforded a hearing on his claim. A criminal defendant, seeking to challenge his conviction(s) through a petition for postconviction relief, is not, however, automatically entitled to such a hearing. *State v. Jackson* (1980), 64 Ohio St. 2d 107, 110 [18 O.O.3d 348]. Indeed, the trial court has a statutorily imposed duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing. As R.C. 2953.21(C), in pertinent part, provides: "Before granting a hearing [on a petition for postconviction relief] the court shall determine whether there are substantive grounds for relief."

Moreover, this court has found *res judicata* to be a proper basis upon which to dismiss without hearing an R.C. 2953.21 petition. *State v. Perry* (1967), 10 Ohio St. 2d 175 [39 O.O.2d 189]; *State v. Duling* (1970), 21 Ohio St. 2d 13 [50 O.O.2d 40]. As we stated in paragraph nine of the syllabus in *State v. Perry, supra,* in addressing for the first time the applicability of the principle of *res judicata* to such petitions where constitutional violations are alleged:

"Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment or conviction, *or on an appeal* from that judgment."

Since our pronouncement in *State v. Perry, supra,* this court and several lower courts have recognized exceptions to the absolute application of the doctrine of *res judicata* in proceedings for postconviction relief where ineffective assistance of counsel is claimed. *State v. Hester* (1976), 45 Ohio St. 2d 71 [74 O.O.2d 156]; *State v. Milanovich* (1975), 42 Ohio St. 2d 46 [71 O.O.2d 26]; *State v. Carter* (1973), 36 Ohio Misc. 170 [65 O.O.2d 276].[1] Herein, as ap-

---

[1] This court held in paragraph two of the syllabus in *State v. Hester, supra:* "Where the record does not disclose that the issue of competent counsel has been adjudicated, the doctrine of *res judicata* is an improper basis upon which to dismiss an R.C. 2953.21 petition."

In paragraph one of the syllabus in *State v. Milanovich, supra,* also involving a claim of ineffective assistance of counsel asserted in an R.C. 2953.21 petition, we stated: "Where a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief."

In *State v. Carter, supra,* a court of common pleas ruled that, as counsel cannot realistically be expected to argue his own incompetence, *res judicata* does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief.

pellant, upon direct appeal, was represented by new counsel who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel and as such question of effective counsel could fairly be determined without examining evidence outside the record, none of the qualifications engrafted upon the *Perry* decision is apposite. Moreover, to the extent paragraph two of the syllabus in *State* v. *Hester, supra,* precludes the application of the doctrine of *res judicata* to a claim which reasonably could have been raised upon direct appeal, said paragraph of the syllabus is hereby modified to comport with our ruling of today.

Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant. *State* v. *Jackson, supra*; *State* v. *Lytle* (1976), 48 Ohio St. 2d 391 [2 O.O.3d 495]; see *State* v. *Hester, supra.* Generally, the introduction in an R.C. 2953.21 petition of evidence *dehors* the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata.* In the case at bar, however, the allegations outside the record upon which appellant relies appear so contrived, when measured against the overwhelming evidence in the record of trial counsel's competence, as to constitute no credible evidence and, thus, to justify the trial court's application of the principles of *res judicata.*

In his petition for postconviction relief as supplemented by the supporting affidavit, appellant cites numerous examples, of trial counsel's "incompetence." He avers, *inter alia,* that trial counsel misinformed him of the consequences of conviction on both the indictment and the subsequent information, was not prepared to go to trial, had failed to research the case and even admitted lacking the experience to defend such a case. The record refutes the gravamen of each of these contentions.

Trial counsel's success in having the charges pending against appellant reduced from two first and two second degree felonies to one second and one third degree felony is itself compelling evidence of counsel's competence. Even more persuasive is appellant's recorded trial testimony affirming that trial counsel did apprise him of what the state would have to prove if he chose to stand trial, of what rights he waived by entering a plea of no contest and that he could not be guaranteed immediate placement on probation. Perhaps most probative of counsel's effectiveness, however, is appellant's expression, following the trial court's thorough and painstaking review of appellant's rights and the voluntariness of his plea, of satisfaction "[w]ithout a doubt" with counsel's conduct of his defense.

The record also reveals that appellant had once worked as an editor with an advertising agency and that he carefully reviewed his written pleas of no contest before signing them. In tandem with the other evidence in the

record, this demonstrated intellectual capacity of appellant further belies his claim of ineffective assistance of counsel.

In light of the facts reflected in the transcript of the trial court's proceedings, the evidence *dehors* the record submitted by appellant in his petition for postconviction relief is so specious that it can hardly be said to establish or support an issue or claim that could not have been raised upon direct appeal. Although the availability of postconviction relief has become an important instrument in preserving inviolate a defendant's constitutional rights, we must remain mindful of the proper limitations on the exercise of such remedy. As this court so cogently stated, in *State* v. *Milanovich, supra,* at 51:

"It may be useful to note that cases of postconviction relief pose difficult problems for courts, petitioners, defense counsel and prosecuting attorneys alike. Cases long considered to be fully adjudicated are reopened, although memories may be dim and proof difficult. The courts justifiably fear frivolous and interminable appeals from prisoners who have their freedom to gain and comparatively little to lose."

Appellant's claim in the instant cause fails to transcend the domain of the "frivolous." In his petition for postconviction relief, appellant has neither raised an issue nor adduced any credible evidence which would spare his petition from the application of the doctrine of *res judicata*. Although the court which reviewed appellant's petition could have based its decision on his failure to state a justiciable claim for relief, we cannot fault the court for its choice of grounds upon which it predicated its decision.

Accordingly, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.