941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William M. STONE, Petitioner-Appellant,
v.
William H. DALLMAN, Supt. Respondent-Appellee.
 No. 91-3194.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Stone, an Ohio prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in which he challenged the constitutionality of a 1986 multiple count conviction. The matter was referred to a magistrate judge who recommended that the petition be denied. The district court adopted the recommendation, over Stone's objections, and this appeal followed. The parties have briefed the issues, Stone proceeding pro se. Stone also filed a motion seeking the appointment of appellate counsel.
 
 
 3
 Upon consideration, we find no reversible error in the district court proceedings on review. The district court found, through the adoption of the magistrate judge's report and recommendation, that four of Stone's five claims for relief were not amenable to federal habeas corpus review due to state procedural default. The district court found that the remaining claim, in essence a claim that his convictions were not supported by the weight of the evidence, was meritless.
 
 
 4
 We find that Stone did not present four of his five claims to the Ohio Court of Appeals on direct appeal. Stone is now barred under Ohio law from raising these claims in any Ohio court proceeding. See, e.g., State v. Cole, 2 Ohio St.3d 112, 112, 443 N.E.2d 169 (1982). These claims therefore will not be considered in federal habeas corpus review absent a demonstration of cause to excuse the failure to present the claims in the state court and actual prejudice to Stone as a result. Teague v. Lane, 489 U.S. 288, 298-99 (1989). Stone's contention that ineffective assistance of appellate counsel constituted cause for this defect has never been properly presented to an Ohio court. See Manning v. Alexander, 912 F.2d 878, 881-82 (6th Cir.1990). Stone must exhaust this claim in the state courts before it can be used to establish cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 489 (1986). These claims were properly dismissed.
 
 
 5
 Stone also contends that his felonious assault and theft convictions were not supported by the weight of the evidence. We have reviewed the record and find that, under any construction of Ohio law, a rational trier of fact could have found Stone guilty of the essential elements of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The petition is meritless.
 
 
 6
 Accordingly, the motion is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.