OPINION
Defendant-Appellant Mumin Israfil appeals from the summary judgment dismissal of his third petition for post-conviction relief. Israfil advances four assignments of error, in which he contends that his presence was not ensured during all phases of trial; a prejudicial juror was permitted to sit on his jury; irrelevant and prejudicial physical evidence was admitted at trial; and the trial court erred in applying the doctrine of res judicata in denying his petition for post-conviction relief.
Israfil was convicted of murder, with a firearm specification, on April 25, 1994. His conviction was affirmed by this Court in State v. Israfil (March 10, 1995), Montgomery App. No. 14573, unreported. In that opinion, we overruled Israfil's claims of his having been denied a constitutional right to a speedy trial, ineffective assistance of counsel, and the denial of due process because the complaint upon which his arrest warrant was issued contained false statements. Id. The Ohio Supreme Court denied review. State v. Israfil (1995), 73 Ohio St.3d 1409.
On July 3, 1995, Israfil filed a "motion for relief from judgment pursuant to Ohio Civ.R. 60(B)(5)," which was treated as a petition for post-conviction relief. This Court affirmed the trial court's summary judgment dismissal of post-conviction relief, overruling Israfil's allegations that the complaint upon which his arrest warrant was issued contained false statements.State v. Israfil (Nov. 15, 1996), Montgomery App. No. 15572, unreported.
Israfil filed his second petition for post-conviction relief on September 20, 1996. He alleged ineffective assistance of counsel and claimed that the prosecutor and the trial court had engaged in fraud. This Court affirmed the trial court's decision dismissing Israfil's petition. State v. Israfil (Feb. 13, 1998), Montgomery App. No. 16498, unreported.
On July 27, 1998, Israfil filed a successive petition for post-conviction relief, alleging that a biased juror was present on his jury panel, and that "irrelevant but highly prejudicial physical evidence" was introduced at trial by the State's firearm and ballistic expert, Carl H. Haemmerle. The trial court denied Israfil's petition and granted the State's motion for summary judgment on September 14, 1998, stating that Israfil's claims were barred by the doctrine of res judicata because Israfil was represented by a new and different attorney on his direct appeal, and his claims were not supported by evidence outside the original record.
In response, Israfil now timely appeals the trial court's decision.
 Israfil's four assignments of error are as follows: I. The lower court erred when it failed to ensure appellant's presence during all phases of his trial. II. The lower court erred when it allowed a prejudicial juror to remain on appellant's jury. III. The lower court erred when it allowed to be admitted irrelevant but prejudicial physical evidence at appellant's trial. IV. The lower court, while reviewing appellant's successive petition for post-conviction relief, erred when it applied the doctrine of res judicata to matters whose constitutional import should have outweighed said doctrine's applicability.
The trial court granted the State's motion for summary judgment and denied Israfil's petition for post-conviction relief, finding that Israfil's claims were barred by the doctrine of res judicata. Israfil argues that the trial court erred in failing to ensure his presence during an in-chamber conference on the second day of trial, thus denying him a fair trial. Israfil's second claim is that he was denied a fair trial because a woman, who had been on a bowling league with the victim's mother more than five years prior to trial, was permitted to sit on the jury. Israfil also contends that the jury was misled by the introduction of irrelevant and prejudicial testimony regarding four recovered 9mm cartridge casings from the State's firearm and ballistic expert. His final argument is that the trial court erred in applying the doctrine of res judicata, as it is a "doctrine" and "not a law," thus it should not have been used to bar his constitutional claims.
The State of Ohio argues that the trial court was correct in dismissing Israfil's successive petition for post-conviction relief utilizing the doctrine of res judicata, but also asserts that Israfil's petition should have been dismissed because it was untimely. We agree with the State and hereby overrule Israfil's four assignments of error.
The time in which a defendant has to file a post-conviction relief proceeding is governed by Am. Sub. S.B. No. 4, Section 3. This section mandates that if the defendant was sentenced prior to September 21, 1995, the effective date of the amended post-conviction relief provisions, that defendant must file his petition within one hundred eighty days after the trial transcript was filed in the court of appeals for the direct appeal of the conviction, or one hundred eighty days after the date the appeal should have been filed, or within one year from September 21, 1995. Id.; R.C. § 2953.21(A)(2).
In this case Israfil was convicted of murder with the attached gun specification on April 25, 1994, and he was sentenced on April 28, 1994. Since Israfil was convicted prior to the enactment of S.B. 4, he had until September 21, 1996 to file his petition for post-conviction relief. Because September 21, 1996 was a Sunday, Israfil had until Monday, September 23, 1996 to file his petition for post-conviction relief. Civ.R. 6(A). However, this successive petition was filed on July 27, 1998, almost two years outside the time limitation.
Nonetheless, a reviewing court may still have the authority to entertain an untimely petition for post-conviction relief under R.C. § 2953.23(A), which states:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
A review of Israfil's petition reveals that he did not meet any of the criteria of R.C. § 2953.23(A).
In his petition, Israfil argues that his "involuntary absence" during the in-chamber conference prevented him from discovering the relationship between the juror and the victim's mother, despite the conference being made part of the record. However, Israfil offered no evidence, nor did he even assert, that he had been unavoidably prevented from discovering the facts necessary to present his claims that Haemmerle's testimony was irrelevant and prejudicial. Israfil made no mention of any obstacles to his discovery of the facts relevant to this claim. In addition, the evidence Israfil submitted with his petition are pages from the transcript, Haemmerle's laboratory report, and an affidavit from Israfil and his mother referring to facts that were readily if not immediately available to him during the course of his trial counsels' representation. As such, the record does not support the argument that Israfil was unavoidably prevented from becoming aware of the facts on which he relies in his petition.
Israfil failed to assert that a new federal or state statute had affected his rights. In fact, his successive petition failed to demonstrate that no reasonable fact finder could have found him guilty. Without meeting the criteria under R.C. § 2953.23(A), the trial court had no jurisdiction to entertain Israfil's untimely filed petition. State v. Peake (Dec. 28, 1998), Montgomery App. No. 17156, unreported; State v. Ayers (Dec. 4, 1998), Montgomery App. No. 16851, unreported. It is noteworthy that Israfil does not even argue in his appellate brief that these criteria existed to excuse the late filing of his petition.
Additionally, the trial court was correct in determining that Israfil's claims were barred by the doctrine of res judicata. There exists longstanding Ohio law that the doctrine of res judicata applies to post-conviction relief provisions. State v.Perry (1967), 10 Ohio St.2d 175. As the Perry court stated:
 [u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id., at paragraph nine of the syllabus. To overcome a dismissal of a petition based on the doctrine of res judicata, a defendant must show that he could not have appealed the constitutional claim based upon information as contained in the original trial record.State v. Cole (1982), 2 Ohio St.3d 112.
In this case, the trial court correctly found that Israfil's claims were barred by the doctrine of res judicata because of his reliance on the trial court record to support his successive petition for post-conviction relief. As such, his appellate counsel had access to the transcript of Israfil's trial, and thus could have raised these issues on direct appeal.
For the foregoing reasons, we find that the Montgomery County Court of Common Pleas lacked jurisdiction to entertain Israfil's petition for post-conviction relief, as it was untimely. As a result, Israfil's assignments of error are rendered moot, but because the trial court denied Israfil the relief he sought, also correctly based on the doctrine of res judicata, the trial court's judgment is affirmed.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
Johnna M. Shia
Mumin Israfil
Hon. David A. Gowdown