DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Joseph Nemchik, has appealed from the denial of his motion for postconviction relief. We affirm.
On October 29, 1996, Defendant was indicted on thirteen counts of grand theft by deception, in violation of R.C.2913.02(A)(3) and (B), and two counts of theft by deception in violation of R.C. 2913.02(A)(3). On February 26, 1997, a second indictment was filed charging Defendant with thirty counts of false representation, in violation of R.C. 1707.44(B), thirty-eight counts of sale of unregistered securities, in violation of R.C. 1707.44(C)(1), and thirty-eight counts of selling away. On July 15, 1997, Defendant pled no contest to the charges in both indictments. On October 3, 1997, Defendant was sentenced to serve twelve years incarceration and ordered to pay restitution of $405,611.09. Defendant did not pursue a direct appeal. On May 4, 1998, Defendant filed a petition for postconviction relief alleging ineffective assistance of counsel. On November 20, 1998, Defendant's petition was denied without a hearing. Defendant has timely appealed and has raised two assignments of error for review. They will be discussed in reverse order for ease of discussion.
ASSIGNMENT OF ERROR II
[Defendant's] trial counsel was ineffective as counsel[`s] inducement to get [Defendant] to plead guilty,[sic] denied [Defendant] his constitutional right to a fair trial.
Defendant has alleged that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment. He has premised his claims of ineffective assistance of counsel on allegations that his trial counsel failed to fully inform him of the maximum number of years for which he could be incarcerated.[1] In response to Defendant's arguments, the state has set forth refutations of fact and has argued that the evidence submitted by Defendant in support of his petition fails to substantiate his claims.[2]
Defendant is entitled to postconviction relief if "there was such a denial or infringement of [his rights] as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. However,
 [u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id. at paragraph nine of the syllabus. To survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record. State v. Moore
(1994), 99 Ohio App.3d 748. Where a defendant is not represented by trial counsel on direct appeal, res judicata
is a proper basis for dismissing defendant's petition for postconviction relief so long as the issue could have been determined without resort to evidence outside the record.State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
 The evidence submitted by Defendant in support of his petition for postconviction relief does not demonstrate that he could not have raised a claim of ineffective assistance of counsel on appeal. Additionally, Defendant's trial counsel did not agree to represent Defendant upon appeal and thus did not serve as appellate counsel. Defendant could have raised his claim of ineffective assistance of counsel in a direct appeal, but chose not to pursue that means of asserting error. Therefore, Defendant's petition for postconviction relief based upon ineffective assistance of counsel is barred by res judicata and was properly denied.
Defendant's second assignment of error is without merit and is overruled.
ASSIGNMENT OF ERROR I
The trial court abused its discretion to the prejudice of [Defendant] when it dismissed [Defendant's] petition for post-conviction [sic] relief without holding a [sic] evidentiary hearing.
Defendant has argued that the trial court erred by dismissing his petition without first conducting an evidentiary hearing. We disagree.
R.C. 2953.21 requires the trial court to consider the allegations of the petition for postconviction relief and the particular facts upon which the petitioner bases his claim. If the trial court finds that there are no grounds for substantive relief, the court may deny the petition without a hearing. R.C.2953.21(C). Res judicata has been found to be a proper basis upon which to dismiss a petition without first conducting a hearing. See State v. Perry, 10 Ohio St.2d 175.
It has been previously established that Defendant's petition was barred by res judicata. Upon determining that a hearing was unnecessary, the trial court set forth an extensive summary of the facts and the applicable law. See R.C. 2953.21(G). Therefore, the trial court acted properly when it dismissed Defendant's petition without first conducting a hearing.
Defendant's first assignment of error is without merit and is overruled.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY FOR THE COURT BAIRD, P.J., CARR, J., concur.
[1] Defendant has also attempted to argue for the first time on appeal that his counsel failed to discuss his case with him, failed to interview defense witnesses, did not submit the witness list in a timely manner, failed to produce mitigating evidence at sentencing, and failed to submit two hundred thousand dollars in restitution to the court at his sentencing. However, since Defendant failed to raise these arguments in the trial court, this court will disregard these allegations. This court will only consider on appeal what has been argued in the trial court.
[2] While the state has set forth arguments of fact, the state has not argued or cited any applicable law to support or substantiate its allegations. See App.R. 16 and Loc.R. 7