OPINION
Appellant, Donald Grogan, appeals a judgment of the Court of Common Pleas of Hardin County denying his petition for postconviction relief pursuant to R.C. 2953.21. For the reasons set forth in the following opinion, we affirm the judgment of the trial court.
On April 29, 1994, the Hardin County Grand Jury indicted Appellant on two first degree felony counts of aggravated arson in violation of R.C. 2909.02. Count one of the indictment alleged a violation of R.C. 2909.02(A)(2), and count two alleged a violation of 2909.02(A)(3). Appellant was indicted jointly with co-defendants, Jesse Roszman and Robert Doane.
On January 27, 1995, Appellant was convicted by a jury on count one, and acquitted on count two of the indictment. On March 10, 1995, the trial court sentenced Appellant to an indeterminate prison term of seven years to twenty-five years. Appellant appealed the trial court's decision on April 6, 1995, which this court affirmed on September 15, 1995. See State v. Grogan (Sept. 15, 1995), Hardin App. No. 6-95-8, unreported.
Thereafter, on September 18, 1995, Appellant petitioned the trial court for postconviction relief pursuant to R.C. 2953.21, arguing both that a State's witness committed perjury at trial, and that he successfully passed a polygraph examination administered after his conviction. The trial court dismissed Appellant's petition on October 13, 1995. After filing several motions not pertinent to this appeal, Appellant filed his second petition for postconviction relief on February 8, 2000, in which he argued ineffective assistance of trial counsel. The trial court also dismissed this petition on February 9, 2000.
Appellant now appeals the trial court's dismissal of his petition for postconviction relief on February 9, 2000, assigning three errors for our review.
Assignment of Error No. 1
 The trial court committed reversible error by holding the doctrine of res judicata applied to the Petitioner's claims in his postconviction petition.
 Assignment of Error No. 3
 A defendant is denied effective assistance of counsel when counsel proves a State witness has committed perjury, and then fails to move for a mistrial, or new trial, based on the misconduct of a State's witness, and misconduct of the prosecution.
 The statutory authority for postconviction relief is set forth in R.C. 2953.21, which states in part:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 The fundamental purpose of a petition for postconviction relief is "to afford a criminal defendant the opportunity to raise alleged constitutional infirmities that could not have been raised on direct appeal." State v. Chaiffetz (Sept. 15, 1999), Marion App. No. 9-99-23, unreported. "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." State v. Steffen (1994), 70 Ohio St.3d 399, 410. Additionally, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." Id.
The Supreme Court of Ohio has previously addressed the application of the doctrine of res judicata on postconviction proceedings, stating:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment.
 State v. Perry (1967), 10 Ohio St.2d 175 at paragraph 9 of the syllabus; See also Holzemer v. Urbanski (1999), 86 Ohio St.3d 129, 133 (holding that the modern doctrine of res judicata precludes re-litigation of all claims and issues arising out of the same transaction or occurrence that could have been raised in the original action).
However, since Perry the Court has recognized an exception to the strict application of the doctrine of res judicata on postconviction proceedings where a claim of ineffective assistance of counsel is made. State v. Cole (1982), 2 Ohio St.3d 112, 113. "Generally, the introduction in an R.C. 2953.21 petition of evidence dehors the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of res judicata." Id., at 114.
In his petition for postconviction relief on February 8, 2000, Appellant raises the claim of ineffective assistance of counsel. Specifically, Appellant claims that his trial counsel failed to move for a mistrial or a new trial after discovering that the State's witness, Jesse Roszman, changed his testimony several times at trial, thus, committing perjury. In support, Appellant attaches the affidavit of Roszman, which he claims corroborates the perjured testimony. Appellant argues that pursuant to Cole,supra, because he raises an ineffective assistance of counsel claim, the trial court erred in dismissing his petition for postconviction relief based on the doctrine of res judicata.
However, merely raising a claim of ineffective assistance of counsel in a petition for postconviction relief does not provide impervious immunity from the application of res judicata. InCole, supra, at the syllabus, the Court stated:
 Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief.
 See also State v. Lentz (1994), 70 Ohio St.3d 527, 529; State v. McDowell (July 23, 1997), Mercer App. No. 10-97-02, unreported. The record herein demonstrates that Appellant did not raise the claim of ineffective assistance of counsel on direct appeal. The question then becomes whether this is a claim that could have been raised on direct appeal and, therefore, was waived by Appellant. We answer this question in the affirmative.
Appellant concedes in his brief that both he and his trial counsel were aware at trial that Roszman's testimony was inconsistent with his prior statements. Additionally, the trial transcript more than adequately demonstrates both that Roszman was providing conflicting testimony, and that Appellant was aware of this. Pursuant to Cole, supra, this is a claim that could have been determined without resorting to evidence dehors the record. Because Appellant could have, and did not raise the claim of ineffective assistance of counsel in his direct appeal to this court, he has waived his right to raise this claim for the first time in a petition for postconviction relief.
Therefore, we hold that the trial court did not error in dismissing Appellant's petition for postconviction relief based on the doctrine of res judicata.
Accordingly, Appellant's first and third assignments of error are not well taken and are therefore overruled.
Assignment of Error No. 2
 The trial court committed reversible (sic) error when it failed to adjudicate the claim that Petitioner was denied due process, when the prosecution solicited perjury from it's witness, and knew the testimony was false.
 In his second assignment of error, Appellant argues that the prosecutor knowingly solicited false testimony at trial from both Roszman and Doane. Notwithstanding the fact that Appellant's claim is unsupported by the evidence, it is also barred by the doctrine of res judicata. See Perry, supra.
In his direct appeal to this court on April 6, 1995, Appellant argued, unsuccessfully, that the prosecutor engaged in misconduct in her cross-examination of a witness at trial. However, Appellant failed to raise the claim at that time that the prosecutor was soliciting false testimony from the witnesses. As we stated above, Appellant was well aware at trial that both Roszman and Doane had made prior inconsistent statements, and may have been fabricating their trial testimony. The record herein amply establishes that this is a claim that could have been raised on direct appeal.
Accordingly, Appellant's second assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 ______________________________ WALTERS, PRESIDING JUDGE
 SHAW and BRYANT, JJ., concur.