DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's petition for postconviction relief. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING MR. BRYANT-BEY'S MOTION TO VACATE OR SET ASIDE SENTENCE.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT PETITIONER FAILED TO PRODUCE EVIDENCE, WHICH IF TRUE, WOULD ENTITLE HIM TO RELIEF."
The facts that are relevant to the issues raised on appeal are as follows. On November 19, 1993, a jury found appellant guilty of aggravated robbery and aggravated murder. On December 22, 1993, the trial court sentenced appellant to death for the aggravated murder conviction and fifteen to twenty-five years for the aggravated robbery conviction. Appellant appealed his convictions and this court affirmed the trial court in all respects. State v. Bey (Sept. 19, 1997), Lucas App. No. L-94-003, unreported. The Supreme Court of Ohio upheld appellant's convictions and sentences in State v. Bey (1999),85 Ohio St.3d 487.
On September 20, 1996, appellant filed a petition for postconviction relief. In his petition, appellant asserted two arguments based on a claim of ineffective assistance of trial counsel and asked the court for an evidentiary hearing. Appellant first argued that trial counsel were ineffective because they were hindered by the inadequate analysis submitted by the psychologist who testified at mitigation. In his second argument, appellant asserted the more general claim that counsel were ineffective because they failed to recognize and cure deficiencies during the mitigation phase of the trial. Appellant asserted that the evidence of counsel's ineffectiveness did not become apparent until a second psychologist hired by appellant's new counsel for purposes of postconviction relief provided a different diagnosis of appellant.
On October 31, 1997, the trial court denied appellant's petition. The trial court found that the claims raised by appellant could have been raised on direct appeal and are therefore barred by res judicata. The trial court also found that appellant had failed to provide the court with evidence which, if true, would entitle him to relief. After finding that appellant had not presented sufficient grounds for relief, the trial court denied appellant's request for a hearing.
In support of his first assignment of error, appellant asserts that the trial court erred by ignoring the evidence and denying his request for a hearing. Appellant further argues that the trial court erred by finding that his claims could have been raised on direct appeal and are therefore barred by res judicata.
Pursuant to R.C. 2953.21, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v.Calhoun (1999) 86 Ohio St.3d 279, 282. Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief (R.C.2953.21[C]), i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C.2953.21 (A)(1). The Supreme Court of Ohio has held that, in the interest of judicial economy, it is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled. See State v. Jackson (1980), 64 Ohio St.2d 107, 112.
The trial court in this case reviewed the evidence submitted with appellant's petition, which consisted of an affidavit and an evaluation prepared by a newly-retained psychologist, and found that the issue of ineffective assistance of counsel could have been resolved on direct appeal. The Supreme Court of Ohio has held that res judicata may bar a petition for postconviction relief where the defendant raises a claim of ineffective assistance of counsel and where the defendant was represented by a different attorney at the appellate level. Statev. Cole (1982), 2 Ohio St.3d 112. The record in this case reveals that appellant was represented by different counsel on appeal.
Upon consideration of the record, this court finds that the issues of the competence of Dr. McIntyre, the expert witness at the mitigation phase of the trial, as well as trial counsel's claimed ineffectiveness in offering her testimony, could have been raised on appeal without benefit of the second psychologist's evaluation and affidavit. A postconviction petition does not show ineffective assistance merely because it presents a new expert opinion that is different from that presented at trial. State v.Jamison (Nov. 10, 1992), Hamilton App. No. C-910736, unreported. Although Dr. Ort, the psychologist retained for the postconviction evaluation, presented her own assessment of appellant, she did not assert that the original evaluation was erroneous. Dr. Ort's evaluation, while highly detailed, did not in any way criticize the original evaluation or cite possible deficiencies or flaws in Dr. McIntyre's report. Based on the foregoing, we find that the evidence submitted by appellant in support of postconviction relief was no more than cumulative or alternative to the evidence presented at trial and that appellant's claim could have been raised on direct appeal. We therefore find that the trial court did not err by finding that appellant's petition was barred by res judicata and denying the request for a hearing. Accordingly, appellant's first assignment of error is not well-taken.
Based on our finding that appellant's claims on postconviction relief are barred by res judicata, this court further finds that appellant's specific arguments as to ineffective assistance of counsel under his second assignment of error are moot.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., Judges CONCUR.