OPINION
This is a consolidated appeal from the judgments of the Defiance County Common Pleas Court denying successive petitions for post-conviction relief.
On July 21, 1983, Cavin was indicted on one count of Theft (case no. 4655), however his whereabouts were not known until June 17, 1996. After locating Cavin, the trial court issued him a recognizance bond, however, Cavin failed to appear at a hearing on November 7, 1996. A Motion to Show Cause was filed and served at Cavin's last known address. After again failing to appear, a warrant was issued and Cavin was indicted on December 6, 1996 for Failure to Appear on a Recognizance Bond, an unclassified felony (case no. 96 CR 06921). Cavin appeared at the initial hearing on this charge where he was issued another recognizance bond and appointed counsel.
On June 18, 1998, Cavin entered a guilty plea to the Failure to Appear charge and was sentenced to three years of community control sanctions. The Theft charge was dismissed on June 19, 1998. While on community control, Cavin was indicted for Unauthorized Use of a Motor Vehicle, a felony of the fifth degree. Cavin admitted violating his community control and in a judgment entry dated March 13, 2000, Cavin, who was represented by counsel, was sentenced to four years in prison. Cavin did not appeal this sentence.
On July 31, 2000, Cavin filed his first post-conviction relief motion in which he argued that he was improperly sentenced for case 4655 (theft), and On August 1, 2000, he filed a motion to vacate or set aside the sentence for case 96 CR 06921 (failure to appear) asserting that the recognizance bond that Cavin allegedly violated was not his. The state filed responses to both motions. The July 31 petition was dismissed by a judgment entry in which the court noted that Cavin had never been convicted on the theft charge in that case and therefore could not be given relief. On August 31, 2000, the motion of August 1, 2000 was also dismissed by a journal entry in which the court noted that Cavin had not submitted any evidentiary materials to support his claim and that even if he had the original judgment could have been taken on direct appeal and the claim was therefore barred by res judicata. Cavin did not appeal the August 31, 2000 judgment.
On November 16, 2000, Cavin filed his second post-conviction relief motion titled "Motion to Vacate Sentence" in both case 4655 and case 96 CR 06921asserting that the Defiance County Sheriff's Department withheld exculpatory evidence. The court dismissed both motions in a journal entry dated December 6, 2000. Cavin did not appeal this judgment.
On March 1, 2001, Cavin filed a third petition for post-conviction relief in both case 4655 and case 96 CR 06921 asserting that the there was no diligent effort made to serve Cavin with the warrant in case 4655, and therefore the statute of limitations had run on the offense. Cavin also asserted that he had ineffective assistance of counsel because his attorney did not advise him of the applicable statute of limitations. Additionally, on March 1, 2001, Cavin filed a Request for Admissions and a Request for Default Judgment or in the alternative Summary Judgment.
On April 13, 2001, the trial court denied Cavin's March 1, 2001 motions. He now appeals that judgment asserting five assignments of error. Assignment of error I will be discussed first followed by Cavin's final four assignments of error, which will be discussed together. The first assignment of error asserts:
 I. [The] trial court erred in allowing the state to prosecute Appellant on case no. 4655 for theft.
Cavin was never convicted in case 4655 and therefore would not be amenable to post-conviction relief. Consequently, the trial court was correct in denying his post-conviction relief petition in this case, and we overrule Cavin's first assignment of error. The remaining assignments of error assert:
 II. [The] trial court erred when in dismissing Appellant's post-conviction motion, failed to include findings of fact.
 III. [The] trial court erred in sentencing Appellant to a prison term in excess of the original maximum sentence for R.C. 2913.02(A)(1).
 IV. [The] trial court erred when it did not give notice to Appellant of a possible sentence if Appellant violated community control sanctions.
 V. [The] trial court erred in sentencing appellant under[a] recognizance bond violation when [the] recognizance bond was previously dismissed.
With regard to the second, third, fourth and fifth assignments of error, R.C. 2953.21 requires a person convicted of a criminal offense who petitions for post-conviction relief to do so no later than 180 days after the expiration of the time for filing an appeal if no appeal is filed. The time for filing a notice of appeal is 30 days from the entry. App.R. 4
Furthermore,
 A court may not entertain a petition filed after * * * [that date] or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * * the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief [or] * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation * * * [and] the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense * * *.
R.C. 2953.23.
In case 96 CR 06921, the judgment entry of the trial court that sentenced Cavin to four years in prison was dated March 13, 2000. The applicable post-conviction relief petition was not filed until March 1, 2001. As such, Cavin's post-conviction relief petition was time-barred unless he could show compliance with R.C. 2953.23. However, Cavin has not asserted or presented any evidence that shows that he was prevented from making the discovery of facts regarding his claim, that a new state or federal right has been recognized or that no reasonable factfinder would have found petitioner guilty of the offense.
Furthermore, under the doctrine of res judicata,
 A final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.[1]
 State v. Cole (1982), 2 Ohio St.3d 112.
Accordingly, as Cavin was represented by counsel at the time he was convicted and his third, fourth and fifth assignments of error could have been raised at the sentencing hearing or on direct appeal these claims are further barred by res judicata. Based on the foregoing, Cavin's second, third, fourth and fifth assignments of error are overruled.
For the foregoing reasons, the judgments of the Defiance County Court of Common Pleas are affirmed.
BRYANT and HADLEY, J.J., concur.
[1] We do note that further examination is required when the post-conviction relief petition asserts ineffective assistance of counsel. While Cavin did assert an ineffective assistance of counsel claim in his petition, he did not allege error in the treatment by the trial court of this claim in his appeal.