JOURNAL ENTRY AND OPINION
Defendant-appellant Carl Frett appeals pro se from the judgment of the trial court that dismissed his petition for post-conviction relief as untimely. Having reviewed the record, we affirm.
The pertinent facts provide as follows: On January 8, 1996, the State indicted defendant for Murder and Having a Weapon While Under Disability with firearm and violence specifications. After trial, the jury found the defendant not guilty of Murder, but guilty of Voluntary Manslaughter, a lesser included offense, and guilty of the firearm specification. On June 5, 1997, defendant was sentenced to serve a prison term of nine to twenty-five years, plus three years on the firearm specifications. Defendant filed a timely appeal. We affirmed the verdict on appeal inState v. Frett (June 11, 1998), Cuyahoga App. No. 72812, unreported, appeal dismissed (1998), 83 Ohio St.3d 1461. Over three years later, defendant filed this petition for post-conviction relief on March 22, 2001. On June 6, 2001, the trial court issued Findings of Fact and Conclusions of Law that dismissed the petition as untimely under R.C.2953.21 and 2953.23. Defendant's appeal merely restates the allegations of his petition in the following assignments of error:
I. THE EVIDENCE IS NOT SUSTAINED BY THE VERDICT.
 II. APPELLANT WAS NOT TRIED BY A JURY OF HIS PEERS; BIAS AND PREJUDICE IMPARTIAL JURY DISCRIMINATED AGAINST APPELLANT TO CAUSE HIS TRIAL TO BE UNFAIR.
 III. APPELLANT'S THREE COUNSEL'S [SIC] WERE INEFFECTIVE, DID NOT ACT IN THE INTEREST OF APPELLANT'S CAUSE, WHEREAS, VIOLATING APPELLANT'S DUE PROCESS RIGHTS AS WELL.
 IV. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Defendant argues on appeal that the trial court erred in failing to address the above-assigned errors by dismissing his petition as untimely. The State argues that the trial court properly dismissed the petition under the law. We agree.
Under the circumstances of this case, R.C. 2953.21(A)(2) required the defendant to file a petition for post-conviction relief "no later than 180 days after the date on which trial transcript [was] filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." The transcript was filed in the Court of Appeals on August 19, 1997. The defendant's petition filed on March 22, 2001 well exceeded the 180-day time limit set forth in R.C. 2953.21(A)(2).
However, a court may entertain a petition filed after the expiration of the time limits set forth in R.C. 2953.21(A)(2) in certain specified circumstances. R.C. 2953.23 permits a court to entertain an untimely petition if either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
Id. In addition to establishing one of the above, the petitioner must also establish the following:
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Id. In his petition for post-conviction relief, defendant states that the petition was being presented under the provisions of R.C. 2953.23(A)(1)(a) and 2953.23(A)(2). Beyond simply quoting those statutory provisions and making the bare allegation of ineffective assistance of counsel[1], defendant offered no evidentiary support. Accordingly, defendant did not satisfy his burden of establishing the requisite elements that would have allowed the trial court to entertain this petition that was filed after the expiration of the period prescribed in division 2953.21(A).
The disposition of this issue renders defendant's assignments of error moot. App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., and DIANE KARPINSKI, J., CONCUR.
[1] To the extent that defendant submitted no evidence outside of the record with regard to the allegation of ineffective assistance of counsel, this claim is barred by res judicata. State v. Cole (1982),2 Ohio St.3d 112.