OPINION
Appellant Scott C. Marcum appeals a judgment of the Stark County Court of Common Pleas, dismissing his petition for post-conviction relief without a hearing:
 ASSIGNMENTS OF ERROR "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT FIRST HOLDING A HEARING.
 "II. THE TRIAL COURT ALSO ERRED IN HOLDING THAT APPELLANT'S CLAIM WAS BARRED BY RES JUDICATA."
On September 27, 2000, appellant was indicted by the Stark County Grand Jury with one count of attempted aggravated arson. On November 1, appellant entered a guilty plea to the charge. However, when he appeared for sentencing on December 11, the court allowed him to withdraw the guilty plea.
With new counsel representing him, appellant proceeded to jury trial. He was convicted as charged, and sentenced to seven years incarceration. He appealed to this court, and on September 10, 2001, we affirmed the judgment of conviction and sentence. On September 17, 2001, appellant filed a petition for post conviction relief pursuant to R.C. 2953.21. In his petition, appellant alleged that the trial attorney who orchestrated the original plea of guilty was ineffective, as the attorney should have filed a motion to suppress, should have asserted the defenses of incompetence or not guilty by reason of insanity, should have subpoenaed witnesses for trial, and should have investigated the case and prepared for trial. The court dismissed the petition without a hearing, as it was not supported by any evidentiary materials, and the court found the issues raised were barred by the doctrine of res judicata.
 I
Appellant first argues that the court was required to hold an evidentiary hearing on his petition, as the petition raised issues that could only be determined by resorting to matters outside the record of the trial.
Before a hearing will be granted in connection with a post-conviction petition which is based on alleged ineffectiveness of trial counsel, the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel, and that the defense was prejudiced by counsel's performance. State v. Calhoun (1999), 86 Ohio St.3d 279, 1999-Ohio-102,714 N.E.2d 905, at paragraph two of the syllabus. In the instant case, appellant submitted no materials of evidentiary quality with his petition. The court therefore did not err in dismissing the petition without holding a hearing.
The first assignment of error is overruled.
 II
Appellant next argues that the court erred in finding his claim was barred by res judicata.
Where a defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel, and said issue could fairly have been determined without resort to evidence outside the record, res judicata is a proper basis for dismissing a petition for post-conviction relief. State v. Cole (1982), 3 Ohio St.3d 112,443 N.E.2d 169, at syllabus.
Appellant argues that his claim relied on evidence outside the record. However, as noted in Assignment of Error I, appellant submitted no evidentiary materials in support of his claim. As appellant submitted no evidence outside the record, the court did not err in determining that his claims were barred, as the only material before the court was the record of the trial proceedings.
The second assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By GWIN, P.J., FARMER, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.