DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment that denied a R.C. 2953.21 post-conviction relief petition filed by Jason Lee Strickler, petitioner below and appellant herein.
 {¶ 2} Appellant assigns the following error for review:
"THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO OHIO LAW, AND IS THEREFORE PREJUDICIAL REVERSIBLE ERROR."
 {¶ 3} To further support and explain his claim, appellant included in his appellate brief the following "Issue Presented for Review":
"WHETHER, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, IN FAILING TO HOLD AN EVIDENTIARY HEARING UPON THE PETITION FOR POST-CONVICTION RELIEF PURSUANT TO O.R.C. 2953.21(E)?" (SIC)
 {¶ 4} On June 13, 2003, appellant was involved in a vehicle accident that resulted in serious harm to his passenger, Jeremy Edgar. On January 13, 2004 appellant pled no contest in the Washington County Common Pleas Court to a charge of vehicular assault, a fourth degree felony, in violation of R.C. 2903.08. The court sentenced appellant to serve thirteen months in prison. On August 23, 2004, appellant filed the instant petition for post-conviction relief. The trial court denied the petition without conducting a hearing. Appellant filed a timely notice of appeal.
 {¶ 5} In this appeal, appellant asserts that the trial court did not adequately review the record and transcript of the proceeding prior to issuing its decision and that he received ineffective assistance of counsel because he entered his no contest plea after his trial counsel "promised" that the trial court would sentence appellant to a community control sanction with a "suspended" prison term.
 {¶ 6} Appellee notes that appellant claims now, for the first time on appeal, that his trial counsel promised that the court would place appellant on community control. Appellee further notes that appellant failed to produce evidence to establish this claim. In fact, appellee points out that appellant's own letter, forwarded from prison to his trial counsel, states "if you remember you stated that probation more likely than not would be imposed." Now, appellee observes that appellant's "trial counsel's advice that a community control sanction would `more likely than not be imposed' has miraculously transformed into a `promise' from attorney Cosenza that the 'trial court would impose probation and the SEPTA Center with any prison term being suspended and appellant being placed on community control.'"
 {¶ 7} R.C. 2953.21, the post-conviction relief statute, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution. See R.C. 2953.21(A)(1);[1] Statev. Hatton (Aug. 4, 2000), Pickaway App. No. 00CA10. In order to prevail on a petition for post-conviction relief, a petitioner must establish an infringement or deprivation of his constitutional rights. R.C. 2953.21(A)(1); State v. Calhoun,86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905.
 {¶ 8} The filing of a petition for post-conviction relief does not automatically entitle the petitioner to an evidentiary hearing. See R.C. 2953.21(C); Calhoun, 86 Ohio St.3d at 282,714 N.E.2d 905, citing State v. Cole (1982), 2 Ohio St.3d 112,443 N.E.2d 169. Before the trial court can grant a hearing on the petition, the court must determine "whether there are substantive grounds for relief." R.C. 2953.21(C). When making this determination, the court must consider the petition along with any supporting affidavits, documentary evidence, and all the files and records of the case. Id. If the trial court finds no substantive grounds for relief, the petition should be dismissed without a hearing. Calhoun, 86 Ohio St.3d at 282-83,714 N.E.2d 905; State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819, R.C. 2953.21(E).
 {¶ 9} We review a trial court's decision dismissing a petition for post-conviction relief without a hearing under a de novo standard of review. State v. Miller, Ross App. No. 01CA2614, 2002-Ohio-407; State v. Platz, Washington App. No. 00CA50, 2001-Ohio-2250. Accordingly, we conduct an independent review of the record to determine whether the petition presents substantive grounds for relief. The Sixth Amendment right to counsel protects "the fundamental right to a fair trial."Strickland v. Washington (1984), 466 U.S. 668, 684,104 S.Ct. 2052, 2063, 80 L.Ed.2d 674. "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id., 466 U.S. at 685, 466 U.S. 668,104 S.Ct. 2063, 80 L.Ed.2d 674. Thus, effective counsel is one who "plays the role necessary to ensure that the trial is fair," id.,466 U.S. at 685, 104 S.Ct. at 2063, 80 L.Ed.2d 674 and the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., 466 U.S. at 686,104 S.Ct. at 2064, 80 L.Ed.2d 674.
 {¶ 10} To establish that defense counsel's conduct so undermined the functioning of the adversarial process, a defendant must establish: (1) that "counsel's performance was deficient"; and (2) that the "deficient performance prejudiced the defense." Id., 466 U.S. at 687, 104 S.Ct. at 2063,80 L.Ed.2d 674. Counsel's performance is deficient if he "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."Id., 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d 674; se, also State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373
(stating that counsel's performance is deficient if counsel substantially violated one of his essential duties to his client); State v. Peeples (1994), 94 Ohio App.3d 34, 44,640 N.E.2d 208, 215 (stating that counsel's performance is deficient if it "raise[s] compelling questions concerning the integrity of the adversarial process"). To prove that defense counsel's deficient performance prejudiced the defense, a defendant must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland, 466 U.S. at 687, 104 S.Ct. at 2063, 80 L.Ed.2d 674; see, also, Bradley, supra.
 {¶ 11} When addressing an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may have been a more appropriate course of action. SeeState v. Phillips (1995), 74 Ohio St.3d 72, 85, 656 N.E.2d 643,658 (stating that a reviewing court must assess the reasonableness of the defense counsel's decisions at the time they are made). Rather, the reviewing court "must be highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065,80 L.Ed.2d 674. As the Strickland Court stated, a reviewing court:
"must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"
Id., 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d 674.
 {¶ 12} In the case sub judice, we agree with appellee that appellant's argument is meritless. First, we note that the trial court issued a thorough and thoughtful decision that provided detailed reasons for denying appellant's petition without conducting a hearing. Appellant's assertion that his plea occurred due to his trial counsel's "promise" that he would be placed on community control and that any prison sentence would be suspended is not supported by the record. In fact, the record and materials actually support the contrary view. At his plea hearing appellant acknowledged that he received no guarantee that he would be placed on community control and that he received no "promises or inducements" for his plea.
 {¶ 13} Thus, we agree with the trial court's conclusion that the record and other materials fail to demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief and, consequently, appellant was not entitled to a hearing. Appellant failed to establish that his trial counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by his counsel's performance.
 {¶ 14} Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] The statute provides as follows:
(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 * * *
(C) * * * Before granting a hearing on the petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. (D) Within ten days after the docketing of the petition, or within any further time that the court may affix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record. (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.