ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. In 1998, appellant, Roland Bluford ("appellant"), was found guilty of three counts of rape, with specifications that the victim was under the age of 13 and that force was used in the commission of each offense. Appellant was sentenced to three consecutive life sentences. On direct appeal, this court affirmed both appellant's conviction and sentence. The Supreme Court of Ohio denied jurisdiction and this court denied appellant's application to reopen the appeal.
 {¶ 2} Appellant then filed his petition for postconviction relief asserting that newly discovered evidence established that he was denied the effective assistance of trial counsel. The trial court, dismissing appellant's petition, concluded that appellant's petition was untimely, that his petition failed to allege he was unavoidably prevented from discovering the evidence or that a federal or state right now applied to him, and that appellant's claim for ineffective assistance of counsel is barred by the doctrine of res judicata. Appellant now appeals the trial court's dismissal of his petition for postconviction relief.
 {¶ 3} In his sole assignment of error, appellant argues that the trial court erred when it failed to hold an evidentiary hearing on appellant's petition for postconviction relief. However, appellant's argument lacks merit.
 {¶ 4} First, appellant is not entitled to an evidentiary hearing on his petition for postconviction relief because his petition contained no operative facts establishing a substantive ground for relief. State v. Cole (1982), 2 Ohio St.3d 112, 113,443 N.E.2d 169. Not only was appellant's petition filed well past the 180-day statutory deadline pursuant to R.C. 2953.21(A)(2), it does not meet the two conditions necessary for the trial court to consider the untimely petition. Pursuant to R.C. 2953.23(A), an untimely petition will be considered if the petitioner shows (1) either that he was unavoidably prevented from discovering the facts upon which he relies in the petition or that a new federal or state right applies retroactively to him; and (2) that by clear and convincing evidence, a reasonable fact finder would not have found him guilty but for the constitutional error at trial.
 {¶ 5} Appellant asserts that the dates and times of the rape offenses listed on the indictment do not match the dates and times listed on the police report filed by the victim and her mother. He claims that had his trial counsel been privy to this information and been able to utilize the information on cross-examination of the victim, he would have been acquitted. However, police reports are not discoverable pursuant to Crim.R. 16(B)(2) and, as a result, appellant's counsel's failure to obtain the police report cannot be deemed to be deficient performance. Moreover, the dates and times listed in the police report were elicited from a victim of tender years. Such persons often lack the capability of providing a calendar date or time with the exactitude that is expected of a much older, more sophisticated person.
 {¶ 6} Second, appellant fails to set forth reasons why he was "unavoidably prevented" from discovering the police report when he could have raised this issue on direct appeal to this court. Appellant knew at the time of trial that the state amended the indictment to include a different set of dates and times within which the rape offenses occurred. His trial counsel could have raised this issue on appeal, but did not. Thus, his claim is barred by the doctrine of res judicata.
 {¶ 7} Because appellant's petition for postconviction relief is untimely and does not set forth the requisite facts necessary for the court to consider an untimely petition, the trial court did not err in dismissing appellant's petition without an evidentiary hearing.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Karpinski, J., Concur.