OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5) we have elected to issue a full opinion. Defendant-appellant Charles L. Williams ("Williams") brings this appeal from the judgment of the Court of Common Pleas of Allen County dismissing his petition to vacate his sentence.
On April 15, 1999, Williams was charged with three counts of trafficking in marijuana and one count of possession of marijuana. A jury trial was commenced on September 7, 1999. On September 9, 1999, Williams was found guilty of one count of trafficking and one count of possession. He was found not guilty on the other two trafficking charges. On October 21, 1999, the trial court sentenced Williams to five years on each count to be served consecutively. Williams filed his notice of appeal on November 4, 1999. On April 26, 2000, Williams filed a petition requesting that his sentence be vacated. The trial court dismissed the petition on April 27, 2000, due to the appeal pending before this court and the fact that the claims raised by Williams were barred by the doctrine of res judicata.
Williams claims that the trial court erred and abused its discretion by basing a portion of his sentence on the charges for which he was found not guilty. Williams also claims that the trial court erred by imposing a forfeiture order on a specification that was part of one of the charges for which he was acquitted.
Although Williams did not caption his motion as a petition for post-conviction relief, it may be considered as one. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." State v.Reynolds (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131. R.C. 2953.21
states in pertinent part:
 (A)(1) Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief.
 Williams requested that the trial court vacate his sentence based upon alleged improprieties in sentencing. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." State v. Cole (1982), 2 Ohio St.3d 112, 113, 443 N.E.2d 169, 171. The basis for Williams' claim is that the trial court considered the charges for which he was acquitted in determining the appropriate sentence. No additional information was provided to the trial court to consider beyond the record. Since Williams is relying solely upon the court's record to form the basis of his petition, he could have raised the sentencing issues during his direct appeal. Thus, the issues are barred by the doctrine of res judicata. Res judicata is a proper basis upon which to dismiss a petition for post-conviction relief without a hearing. Id. Therefore, the trial court did not err in dismissing the petition without a hearing on the basis that the claims are barred by the doctrine of res judicata. The assignments of error are overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
HADLEY, P.J., and WALTERS, J., concur.