OPINION
Wade Jackson appeals from a denial of his petition for post conviction relief. He assigns error as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT "ATTEMPTED FELONIOUS ASSAULT" IS AN OFFENSE UNDER OHIO LAW.
On April 27, 1999, Jackson was indicted for burglary, grand theft of motor vehicle, failure to comply with order or signal of police officer, and felonious assault. The felonious assault count stated as follows:
 On or about March 16, 1999 in Miami County, Ohio, Wade H. Jackson violated Ohio Revised Code § 2903.11(A)(2), in that he did knowingly, cause or attempt to cause physical harm to another, or another's unborn, by means of a deadly weapon or dangerous ordnance, as defined in Section 2923.11 of the Revised Code, to wit: a motor vehicle, thus against the peace and dignity of the State of Ohio.
Felonious assault is a first degree felony.
On July 14, 1999, Jackson pleaded no contest to failure to comply, a fourth degree felony, and "attempt felonious assault, (a second degree felony."). The trial court sentenced Jackson to concurrent sentences of one year for failure to comply and six years for attempted felonious assault.
Jackson appealed, represented by different counsel on appeal than his trial counsel, and raised two assignments of error, both unrelated to his present assignment, which we overruled. State v. Jackson (Apr. 28, 2000), Miami App. No. 99 CA 36, unreported.
Meanwhile, on April 17, 2000, Jackson filed a petition for post conviction relief, asserting that the trial court erred in accepting his no contest plea to, and in finding him guilty of, "attempted felonious assault" because that offense does not exist under Ohio law.
The trial court denied the petition, precipitating this appeal.
On appeal, the State first argues that Jackson's petition is barred by the doctrine of res judicata. We agree. State v. Perry (1967),10 Ohio St.2d 175, provides at paragraph 9 of the syllabus:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Cole (1982), 2 Ohio St.3d 112, syllabus provides:
 Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors
the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief.
Here, the alleged error involves a question of law that is in no way dependent on evidence outside the record, and Jackson's appellate counsel was a different lawyer than his trial counsel. Although the alleged error in Cole was different than the error asserted in this case, the material procedural posture is the same in both cases, and Cole thus dictates the result.
Accordingly, we do not reach the merits of this appeal. The assignment of error is overruled.
The judgment will be affirmed.
 _________________ WOLFF, J.
GRADY, P.J. and FAIN, J., concur.