DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas in a revocation of probation proceeding. Because we conclude that the trial court failed to make the required findings in support of revocation, we reverse.
In December 1997, appellant, James Majoras, pled guilty to one count of failure to pay child support, a violation of R.C. 2919.21(A)(2). In January 1998, he was sentenced to eighteen months incarceration, which was suspended, and placed on probation with certain conditions. One condition was that he keep current on monthly child support and arrearage payments. Initially, the court ordered him to pay $100 per month until the exact amount of the arrearage and the appropriate amount of child support could be determined. In a separate proceeding, the domestic relations court calculated these amounts to be $407.20 per month for child support plus $44.20 per month towards the arrearage, for a monthly total of $451.35.[1]
On November 19, 1998, the court conducted a hearing to finalize the conditions of probation. The trial court found that since the one remaining minor child had been adopted by a stepparent, appellant's current child support order was extinguished. The court, however, ordered appellant to pay the previously ordered $451.35 for the purpose of extinguishing the arrearages. The court also apprised appellant that missing two payments would result in further action against him.
On July 27, 2000, the court found probable cause to believe that appellant had violated his probation due to his alleged failure to make child support payments.[2] On August 15, 2000, the court held a hearing on the alleged violation. Appellant's counsel acknowledged that appellant had not paid child support since February 2000, except for a $200 payment made on July 27, 2000. Counsel also stated that appellant had kept in contact with the probation office as to his efforts to find a job to meet his child support obligation.
Appellant also spoke, informing the court that he had sought employment because he wanted to pay the arrearages and knew he had to do so to stay out of jail. Appellant stated that at age 52 it was difficult to find a job that would pay him enough to make the $451 payments. He indicated that he had been hopeful about two positions for employment which "fell through" at the last moment. Appellant then offered to pay $1,500 (a loan from a friend) towards the $3,000 amount owed from February to August 2000. The trial court then revoked appellant's probation and imposed the original eighteen month sentence.
Appellant now appeals from that decision, setting forth the following five assignments of error:
 "I. The trial court erred by failing to make any findings, or consider any of the statutory factors, regarding sentencing the appellant to the maximum time in prison for the offense.
 "II. The trial court erred in revoking appellant's probation for minor violations in the terms and conditions of his probation.
 "III. The trial court denied appellant due process and equal protection of law by revoking his probation, in part due to his failure to make all of his child support payments, without first making a determination of his ability to pay.
 "IV. The probation revocation hearing conducted in this case violated appellant's right to due process of law guaranteed by the Fifth and Fourteenth Amendments to the US [sic] Constitution and Article 1, Section 10 of the Ohio Constitution.
 "V. The appellant was not given the effective assistance of counsel."
 I.
Appellant, in his first assignment of error, contends that the trial court erred in imposing the maximum sentence for the offense committed.
The doctrine of res judicata provides that any claim or error of the trial court in a final judgment must be raised on direct appeal from that judgment and is barred from being raised and litigated in any subsequent proceeding. See State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus.[3]
In this case, the court originally sentenced appellant in January 1998. Appellant did not appeal that judgment. Even if we extend the time for appeal to November 1998 when the probation conditions were finalized, the time for appeal has long expired. Therefore, any issue involving the terms of appellant's original sentence is res judicata.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
We will now turn to appellant's third assignment of error in which he argues that the trial court erred in revoking his probation without first making a determination of his ability to pay.
In probation revocation proceedings for failure to pay a fine or make monetary restitution, the sentencing court
 "must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke the probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interest in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." State v. Coleman
(Feb. 5, 1998), Franklin App. No. 97APA06-832, unreported, quotingBearden v. Georgia (1983), 461 U.S. 660, 672-674. See also Swanton v.Barker (Oct. 20, 2000), Fulton App. No. F-00-003, unreported; State v.Stevens (Sept. 21, 1998), Clinton App. No. CA98-01-001, unreported; Statev. Collins (Sept. 30, 1993), Lake App. No. 93-L-032, unreported. Thus, before a trial court may revoke probation for failure to pay child support in a criminal non-support case, it must make a determination the probationer willfully refused to pay or did not make sufficient efforts to acquire the resources to pay.
In this case, appellant admitted at the revocation hearing that he had not paid child support from February 2000 until the time of the hearing in August 2000. He did not, however, admit that the non-payment constituted a probation violation. Appellant stated, in fact, that he had made efforts to become employed. At a prior hearing, appellant tried to explain that he had even attempted to open his own business which ultimately failed. Appellant offered to make a payment of $1,500, a loan from a friend, in an attempt to meet the current arrearage. At the revocation hearing, the trial court stated,
 "You owed somewhere in the neighborhood of $75,000 so, you know, what you've been paying is basically a drop in the bucket and I just feel like we've been going round and round on this for too long now and we're not getting anywhere, we keep going in circles. And, you know, I appreciate the fact that you can't get blood out of a turnip; if you can't get a decent job, you can't keep up with your support, but I feel that this court has been more than fair with you in the past and bent over backwards through the Probation Department to assist you in those regards.* * *" (Emphasis added.)
Other than the bare fact that appellant had stopped making support payments, the state presented no other evidence to show that appellant's failure to pay his child support was willful or that the court exhausted all alternative methods of punishment before revoking appellant's probation. No evidence was presented that appellant was offered employment and turned it down or willfully stopped working.[4]
On the contrary, the record supports a finding that appellant simply could not find a job that paid enough to maintain the ordered payments. No effort was made by the court to accept the $1,500 he obtained as a loan or to temporarily lower the $451.35 arrearage payments to something commensurate with his ability to pay — assuming he could obtain minimum wage or entry level employment. Even the trial court recognized appellant's dilemma but then went on, however, to focus more on the long history and repetitive nature of the proceedings, rather than appellant's ability or refusal to pay.
While we do not downplay the seriousness of nonpayment of child support, in this case, there was no evidence presented or findings made that appellant willfully refused to pay support or did not make sufficient efforts to seek employment during the twenty-month period that he was under the direction of the probation department. Therefore, we conclude that without the appropriate evidence and requisite findings, the trial court's revocation of appellant's probation was improper.
Accordingly, appellant's third assignment of error is well-taken. Appellant's remaining three assignments of error are rendered moot.
The judgment of the Erie County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
 __________________ SHERCK, J.
 Richard W. Knepper, J., CONCUR.
[1] These figures were apparently based upon appellant's previously reported incomes of $28,000 in 1997 and then current imputed income of $10,712 per year. At the time of the sentencing hearing, appellant had incurred arrearages in an amount of $77,540.58.
[2] Probable cause for a probation violation had also been found in a hearing on November 16, 1999. It is unclear from the record what happened with that action. The current appeal, however, involves the violation alleged in the July 27, 2000 judgment.
[3] An exception to this doctrine now exists in post-conviction cases dealing with ineffective assistance of cousnel claims. See R.C.2953.23(A); State v. Cole (1982), 2 Ohio St.3d 112. This exception does not apply to appellant's claim which addresses only to the harshness of the sentence given.
[4] In our view, the evidence placed in the record in this case was insufficient to support a finding of contempt, let alone a probation violation.