This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Paul Shirey, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
Mr. Shirey was indicted on the charges of attempted murder, in violation of R.C. 2903.02 and 2923.02, felonious assault, in violation of R.C. 2903.11(A)(1), and forgery, in violation of R.C. 2913.31(A)(3). He pled guilty to the charges of forgery and felonious assault. The remaining charge was dismissed. The trial court sentenced him accordingly. Mr. Shirey did not file a direct appeal from his conviction.
Mr. Shirey filed a petition for postconviction relief, with regard to his felonious assault conviction, alleging ineffective assistance of counsel. The trial court dismissed the petition without conducting an evidentiary hearing. In its findings of fact and conclusions of law, the trial court found that Mr. Shirey's claim was res judicata. This appeal followed.
Mr. Shirey asserts two assignments of error. We will consider them together to facilitate review.
 First Assignment of Error "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT APPLIED IMPROPER FINDING OF FACTS AND CONCLUSIONS OF LAW TO THE FACTS OF POST CONVICTION RELIEF, PURSUANT TO 2953.21."
 Second Assignment of Error "THE TRIAL COURT ERRED TO TEH [sic.] PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT DENIED THE DEFENDANT/APPELLANT AN EVIDENTIARY HEARING ON HIS PETITION FOR POST CONVICTION RELIEF, PURSUANT TO 2953.21."
In his first and second assignments of error, Mr. Shirey asserts that the trial court erred in finding that his claim was barred by res judicata. He also asserts that the trial court erred in failing to hold an evidentiary hearing on his petition. We disagree with his assertions.
R.C. 2953.21 provides in pertinent part:
 "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
"* * *
 "(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
A hearing is not automatically required for every petition for postconviction relief. See State v. Yauger (Oct. 6, 1999), Summit App. No. 19392, citing State v. Jackson (1980), 64 Ohio St.2d 107, 110. The trial court must first find substantive grounds for relief before a hearing is granted. Jackson, 64 Ohio St.2d at 110; see, also, State v.Calhoun (1999), 86 Ohio St.3d 279, 283, quoting Jackson, 64 Ohio St.2d at syllabus, (stating "`the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness'" before a hearing will be granted (Emphasis omitted)). A trial court's decision regarding whether to conduct an evidentiary hearing in postconviction matters is governed by an abuse of discretion standard. State v. Ferko, 9th Dist. No. 20608, 2001-Ohio-1402. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral deliquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
"The doctrine of res judicata establishes that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by defendant at trial." State v. Reynolds, 3rd Dist. No. 12-01-11, 2002-Ohio-2823, at ¶ 14. Res judicata does not bar a petitioner's claim for relief when the claim is supported by claims outside the original trial court record. State v. Pope (Oct. 22, 1998), 4th Dist. No. 97CA8, citing to State v. Cole (1982), 2 Ohio St.3d 112, syllabus. "To survive preclusion by res judicata, a defendant must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." Ferko, supra.
Failure to appeal a judgment of conviction bars, as res judicata, a later attempt to litigate issues that could have been raised on a direct appeal. Reynolds at ¶ 14. Although a limited exception to the doctrine of res judicata exists when a petitioner who was represented by the same counsel both at trial and on direct appeal asserts ineffective assistance of counsel, "that exception does not extend to petitioners who chose not to file a direct appeal at all." Pope, supra. "The fact that [a defendant] did not undertake a direct appeal from [his] * * * conviction and sentence does not change the application of the res judicata
doctrine." State v. Quiles (Jan. 2, 1997), 9th Dist. No. 96CA006312.
In his argument, Mr. Shirey asserts that his claim was not barred by res judicata because it was based upon facts not in the trial court record. He does not state what the these facts were but, rather, suggests that the facts could be brought forth in an evidentiary hearing. Mr. Shirey filed a postconviction relief petition in which he raised the claim of ineffective assistance of counsel. In such petition, Mr. Shirey argued generally that his counsel failed to investigate, talk to witnesses, prepare a defense, file pretrial motions, or plea bargain to a lesser charge. Appellant attached an affidavit and a "MEMORANDUM IN SUPPORT" in which he again generally asserted that his counsel was ineffective for failure to investigate or talk to witnesses, failure to act in his client's best interest, and acting in a misleading manner, as well as not "DOING HIS JOB," as Mr. Shirey should have been charged with a lesser degree of a criminal charge. Mr. Shirey did not offer specific details with regard to the assertions other than general conclusory statements and a summary of the facts surrounding the crime for which he had been charged. No other supporting evidence was offered. The trial court denied Mr. Shirey's motion on res judicata grounds, holding that he could have raised the grounds on which his postconviction relief petition was based either before his judgment of conviction or on direct appeal and failed to do so.
In the present case, the record indicates that Mr. Shirey was not entitled to a hearing on his petition for postconviction relief. First, Mr. Shirey has presented this court with neither evidentiary material nor argument outside the record; rather, his claims are based wholly upon the record available at the time of a direct appeal. Furthermore, his affidavit is composed of general conclusory statements, and no other supporting evidence was offered. Accordingly, the issue of whether Mr. Shirey's counsel was effective with regard to Mr. Shirey's general allegations could have been presented in a direct appeal. Consequently, the trial court did not err in denying him an evidentiary hearing.
Lastly, while Mr. Shirey asserts that he did not receive a copy of his trial court proceedings as ordered by the court, this court finds that there is no suggestion that he would have been prevented from raising either the alleged problems in those proceedings or any of his other assertions regarding his alleged ineffective assistance of counsel on direct appeal. Mr. Shirey failed to file a direct appeal of his conviction, and, therefore, the doctrine of res judicata bars his claims in this case because there is no indication that the issues concerning ineffective assistance of counsel could not have been fully litigated on a direct appeal from that judgment. See, generally, Ferko, supra; Statev. Graves (Aug. 20, 2001), 5th Dist. No. 01-CA-31; State v. Carner (Apr. 12, 2001), 8th Dist. No. 77765.
Mr. Shirey's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J. CONCURS, BAIRD, J., CONCURS IN JUDGMENT ONLY.