OPINION.
{¶ 1} Defendant, Gary McDowell, appeals from his conviction and sentence for gross sexual imposition and public indecency, and his designation as a sexual predator.
 {¶ 2} Defendant was indicted on one count of gross sexual imposition involving a child under age thirteen, R.C. 2907.05(A)(4), and one count of public indecency, R.C. 2907.09(A)(1). Defendant entered pleas of no contest to both charges and was found guilty. The trial court sentenced Defendant to five years imprisonment for gross sexual imposition, and thirty days for public indecency, to be served concurrently. The trial court also designated Defendant a sexual predator.
 {¶ 3} Defendant timely appealed to this court. Defendant's appellate counsel filed an Anders brief, Anders v. California (1967),386 U.S. 738, stating that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This matter is now ready for decision.
 {¶ 4} In his Anders brief appellate counsel has identified three potential issues for appeal, which we shall address.
 {¶ 5} Defendant entered a no contest plea, and a written Waiver and Plea was prepared concerning each offense. Examination of those preprinted forms reveals that in multiple places on each form where Defendant's plea is indicated, the words "Guilty" and "No Contest" both have a line drawn through them, as if to indicate they are inapplicable. However, "No Contest" has also been circled in each instance, and initialed by the assistant prosecutor handling this case. As a result of this procedure, Defendant suggests that his pleas may be void or voidable if there was any misunderstanding with regard to the nature of the plea that he entered. Such a claim is not supported by this record.
 {¶ 6} The plea forms in this case, while not a model of clarity, reasonably demonstrate that Defendant entered pleas of no contest. Other parts of the record confirm that is what occurred. There is nothing in this record which suggests that Defendant was confused or unsure about what plea he was entering. To the contrary, while testifying at the sentencing hearing Defendant acknowledged that he entered no contest pleas to these offenses.
 {¶ 7} Defendant further argues that while his court appointed counsel, Charles Bursey, signed the plea form prepared for the public indecency charge, Bursey did not sign the plea form prepared for the gross sexual imposition charge. That form was signed by Stacey D. James. Defendant suggests that this anomaly may give rise to some issue regarding whether Defendant was represented by proper counsel.
 {¶ 8} An examination of the plea form prepared for the gross sexual imposition charge readily reveals that Defendant's claim is incorrect. On the designated signature line for Defendant's attorney, Charles Bursey's signature and registration number appears immediately next to the signature of Stacey James. We see no difficulty in this which suggests that Defendant's attorney did not understand or agree with Defendant's no contest plea.
 {¶ 9} Lastly, Defendant raises the issue of his sexual predator classification. In order to adjudicate Defendant a sexual predator, the court must find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3).
 {¶ 10} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477; State v. Ingram (1992), 82 Ohio App.3d 341.
 {¶ 11} Defendant's conviction for gross sexual imposition constitutes a sexually oriented offense. R.C. 2950.01(D)(1). Thus, the only issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
 {¶ 12} In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(2) to consider the factors relating to the offender which are set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline."Id., at p. 589. Because the "guidelines do not control a judge's discretion," Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
 {¶ 13} The statutory guidelines are:
 {¶ 14} "(a) The offender's age;
 {¶ 15} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 18} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender;
 {¶ 21} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 24} The trial court conducted a sexual offender classification hearing at the sentencing proceeding. R.C. 2950.09(B)(1). Dr. D. Susan Perry-Dyer, a forensic psychologist, testified at the hearing for the State concerning Defendant's risk for sexual reoffending. Defendant also testified at the hearing. In addition, the court received, as part of the probation department's presentence investigation report, a House Bill 180 screening instrument relative to Defendant's sex offender status. At the conclusion of the hearing, the trial court designated Defendant a sexual predator.
 {¶ 25} Defendant complains because neither party made any reference to the contents of the House Bill 180 screening instrument. Defendant argues that to the extent the court relied upon that document in part, any significant conflict between the screening instrument and Dr. Dyer's findings should have been brought to the trial court's attention.
 {¶ 26} The record before us does not indicate to what extent, if any, the trial court relied upon the House Bill 180 screening instrument in classifying Defendant a sexual predator, only that the document was submitted for the court's consideration. What is clear is that this record contains other clear and convincing evidence in the form of testimony by Dr. Dyer that supports the trial court's conclusion that Defendant is likely to engage in the future in additional sexually oriented offenses.
 {¶ 27} Based upon Dr. Dyer's testimony, the trial court found that Defendant's age, 55, reduced his risk of reoffending. R.C.2950.09(B)(2)(a). The court also found that the victims' ages, 5 and 6, the existence of multiple victims, the fact that Defendant did not use drugs or alcohol to impair the victims, and the fact that Defendant did not display cruelty toward the victims, neither increased nor decreased Defendant's risk for sexual reoffending. R.C. 2950.09(B)(2)(c)-(e) and (i).
 {¶ 28} However, the court found that Defendant's previous conviction for a sexual offense involving children, and the fact that the sexual offender treatment he received was unsuccessful, increases Defendant's risk for reoffending. R.C. 2950.09(B)(2)(b),(f).
 {¶ 29} Additionally, the court found that the fact Defendant is a pedophile who has demonstrated a pattern of sexually abusing young females, and the fact that Defendant refuses to recognize that he is different from most people for that reason, and refuses to take responsibility for his deviant conduct, increases his risk for reoffending. R.C. 2950.09(B)(2)(h), (j).
 {¶ 30} Also, the court found that by Defendant's own admission at the classification hearing, he cannot control his behavior and temptations, which significantly increases his risk for sexual reoffending. R.C. 2950.09(B)(2)(j).
 {¶ 31} Finally, the court observed that Defendant's possession of videotapes of young girls on a playground and of photographs and diagrams of children which he cut out and affixed to nude drawings he made of himself demonstrates that Defendant poses the highest risk for reoffending. R.C 2950.09(B)(2)(j).
 {¶ 32} While the trial court considered that at least one of the statutory factors in R.C. 2950.09(B)(2) reduces Defendant's risk of reoffending, and several more have no proven correlation to that risk one way or the other, the majority of the statutory factors are clearly probative of an increased risk for sexual reoffending that Defendant poses. After considering and weighing the factors and evidence in this case, the trial court concluded that Defendant is likely to reoffend in the future, and designated him a sexual predator. Without question there is clear and convincing evidence in this record to support that conclusion.
 {¶ 33} In addition to the potential errors raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no errors having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.