OPINION
{¶ 1} Defendant-appellant, Gary McDowell, appeals from the denial of his petition for post-conviction relief. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} In June, 2002, McDowell was indicted on one count of Gross Sexual Imposition and one count of Public Indecency. Following a plea of no contest, he was sentenced to concurrent prison terms of five years for the GSI conviction and thirty days for the Public Indecency conviction. McDowell appealed, and this court affirmed his conviction and sentence. See, State v.McDowell, Montgomery App. No. 19608, 2003-Ohio-5331.
 {¶ 3} Thereafter, on April 22, 2005, McDowell filed a petition for post-conviction relief. In the petition, he arguably asserted the claim that, given his status as a first-time offender, the trial court had erred sentencing him to more than the minimum possible sentence. He also claimed that his sentence violated Blakely v. Washington (2004), 542 U.S. 296 because the trial court had to engage in judicial factfinding in order to determine that he should serve more than the minimum possible sentence.
 {¶ 4} The State filed an answer and a motion for summary judgment in which it argued that the petition was not timely and that the issues raised therein were barred by the doctrine of res judicata.
 {¶ 5} The trial court, without hearing, denied the petition on the grounds that it was untimely filed and that McDowell had waived any claim for relief pursuant to Blakely, supra, by failing to raise the issue prior to sentencing.
 {¶ 6} McDowell appeals the trial court's decision and raises the following two Assignments of Error:
 {¶ 7} "THE COURT WAS IN ERROR TO IMPOSE A MAXIMUM PRISON TERM TO MR. McDOWELL, A FIRST TIME OFFENDER ON A CHARGE OF GROSS SEXUAL IMPOSITION.
 {¶ 8} "TRIAL COURT IMMEDIATELY PROCEEDED TO HAVE SEXUAL OFFENDER HEARING AFTER SENTENCING HEARING, DENYING APPELLANT STATUTORY RIGHT TO PRESENT WITNESSES ON HIS OWN BEHALF."
 {¶ 9} McDowell's appeal challenges the trial court's decision to deny his petition for post-conviction relief and contends that the trial court erred by denying his claims for relief.
 {¶ 10} Procedures for post-conviction relief are outlined in R.C. 2953.21. Of relevance to this appeal is R.C. 2953.21(A)(2) which sets forth the following time restrictions for filing a post-conviction relief petition:
 {¶ 11} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."
 {¶ 12} In this case, McDowell's petition was clearly filed outside of the applicable time frame. The trial transcript was filed with this court on March 19, 2003. However, the petition was not filed until more than two years later on April 22, 2005. Additionally, he has not averred that either of the exceptions provided in R.C. 2953.23 apply. Thus, we conclude that the trial court properly dismissed the petition for lack of timeliness.
 {¶ 13} We next turn to the merits of the petition. It is well-established that the doctrine of res judicata is applicable to postconviction relief proceedings. The Ohio Supreme Court has stated that res judicata is a proper basis upon which to dismiss a post-conviction relief petition when the issue sought to be presented was capable of being raised at trial or in a direct appeal, and where the issue could have been determined without evidence outside the record. State v. Cole (1982),2 Ohio St.3d 112, at paragraph one of the syllabus.
 {¶ 14} To the extent that McDowell's petition alleges that the trial court should have sentenced him to the minimum sentence possible, based upon his status as a first-time offender, we conclude that such a claim could, and should, have been raised on direct appeal. Thus, this claim is barred by the doctrine of res judicata.
 {¶ 15} We next address McDowell's claim that the holding inBlakely, supra, mandates relief from his conviction. We begin by noting that in its decision denying McDowell's petition, the trial court stated that McDowell should have raised any Blakely
concerns prior to sentencing. However, Blakely was not decided until almost two years after McDowell was sentenced and almost nine months after his appeal was final. Accordingly, raising such a claim prior to sentencing was an impossibility.
 {¶ 16} In Blakely, the United States Supreme Court held that portions of the Federal Sentencing Guideline were unconstitutional because they permitted judicial factfinding before imposition of prison sentences. The Ohio Supreme Court recently adopted this reasoning in State v. Foster, ___ Ohio St. 3d ___, 2006-Ohio-856. In Foster, the court held that R.C.2929.14(B), the portion of Ohio's felony sentencing scheme which permits the imposition of non-minimum sentences based upon certain findings made by a judge, is unconstitutional. Id. at ¶ 83. Thus, the court severed that provision, and stated that trial courts now have full discretion to impose a prison sentence within the statutory range without making findings or giving their reasons for imposing non-minimum sentences on an offender who has never served a prison term. Id. However, McDowell does not stand to benefit from the holding in Foster as it applies only to cases on direct review. Foster at ¶ 104. McDowell's case is not pending on direct review. While the trial court overruled this portion of McDowell's petition on an incorrect basis, we nevertheless affirm the decision based upon our determination that neither Blakely nor Foster affords relief in this case.
 {¶ 17} Finally, we note that, in his appellate brief, McDowell also contends that he should be relieved from his conviction because the trial court denied him his right to due process by proceeding to hold a sexual offender hearing immediately after sentencing. He contends that this prevented him from presenting witnesses on his behalf.
 {¶ 18} This claim must fail because it was not raised in the petition for post-conviction relief, and thus, the trial court had no opportunity to rule upon the matter. Therefore, the issue is not properly before us on appeal, and is overruled.
 {¶ 19} We conclude that the trial court did not err in denying McDowell's petition. Thus, both of McDowell's Assignments of Error are overruled and the judgment of the trial court is affirmed.
 . . . . . . . . . . .
Brogan, J., and Wolff, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).