[Cite as *State v. Primeau*, 2017-Ohio-1162.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   104657

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PETER A. PRIMEAU

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-556885-A

**BEFORE:**   Boyle, J., Keough, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 30, 2017

**ATTORNEYS FOR APPELLANT**

Donald J. Malarcik
54 E. Mill Street, Suite 400
The Gothic Building
Akron, Ohio   44308

Seneca Konturas
125 S. Water Street, Suite 3/4
Kent, Ohio   44240


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Gregory J. Ochocki
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Peter Primeau, appeals a judgment denying his petition for postconviction relief. He raises one assignment of error for our review:

> The trial court erred when it denied Mr. Primeau's petition for postconviction relief, finding that Mr. Primeau's trial counsel representation did not reach the level of ineffective assistance of counsel, and that Mr. Primeau was not prejudiced or denied effective assistance of counsel to an extent that would have altered the outcome of the case.

**{¶2}** Finding no merit to his appeal, we affirm.

## I. Procedural History

**{¶3}** In January 2012, Primeau was convicted of two counts of murder and one count of felonious assault for beating his wife to death. He was sentenced to 15 years to life in prison.

**{¶4}** Primeau directly appealed his convictions, raising 13 assignments of error. This court overruled his assigned errors and affirmed his convictions. *See State v. Primeau*, 8th Dist. Cuyahoga No. 97901, 2012-Ohio-4528. The Ohio Supreme Court declined to accept jurisdiction of Primeau's appeal. *See State v. Primeau*, 134 Ohio St.3d 1488, 2013-Ohio-902, 984 N.E.2d 30. The United States Supreme Court also denied Primeau's writ of certiorari. *Primeau v. Ohio*, ___ U.S. ___, 134 S.Ct. 335, 187 L.Ed.2d 158 (2013).

**{¶5}** On October 7, 2014, Primeau filed a writ of habeas corpus in federal court. *Primeau v. Kelly*, N.D.Ohio No. 3:14 CV 2231. Primeau moved to stay the federal court proceedings to exhaust certain state law claims contained in his writ. The District Court

granted his motion to stay the federal court proceedings so that he could submit his state law claims.

**{¶6}** Primeau subsequently filed his petition for postconviction relief on November 9, 2015. The trial court denied his petition on May 25, 2016. It is from this judgment that Primeau now appeals.

## II. Untimely Petition for Postconviction Relief

**{¶7}** R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

**{¶8}** R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed.[1] Here, Primeau did not file his petition until

---

[1]R.C. 2953.21(A)(2) was amended, effective March 23, 2015, to provide 365 days, rather than 180 days. *See* Sub.H.B. 663 (2014). Under either deadline, Primeau's motion is untimely.

well beyond the 365 days.   Thus, his petition is untimely.

{¶9}   R.C. 2953.23(A)(1) permits a trial court to entertain an untimely petition only if:

> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

R.C. 2953.23(A)(1)(a).

{¶10} If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶11} Therefore, unless it appears from the record that Primeau was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to Primeau and, if one of those apply, that but for constitutional error at trial, no reasonable factfinder would have found Primeau guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

### III.   Analysis

{¶12} Primeau does not even allege, let alone establish, any of the requirements necessary to bring an untimely petition for postconviction relief.   Primeau does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition, or that the United States Supreme Court has recognized a new federal or state

right that applies retroactively to him. Thus, he does not meet the threshold requirement for the trial court to consider his petition. The trial court was, therefore, without jurisdiction to consider his petition.

{¶13} Primeau does claim that he was previously unable to raise the arguments that he is raising here (ineffective assistance of counsel claims) because he was represented by the same counsel throughout his appeals. Normally, a petitioner cannot raise a claim in a postconviction proceeding that he or she raised or could have raised in a direct appeal because it would be barred by res judicata. *State v. Montgomery*, 8th Dist. Cuyahoga No. 99452, 2013-Ohio-4193, ¶ 42, citing *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104. Courts have held, however, that when a defendant is represented by the same counsel at trial and throughout his appeals, res judicata does not bar the defendant from raising ineffective assistance of counsel claims in a postconviction proceeding. *See State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982), citing *State v. Carter*, 36 Ohio Misc. 170, 304 N.E.2d 415 (1973). This well-settled principle would apply if Primeau had timely filed his petition for postconviction relief. It has no bearing on an untimely petition.

{¶14} Further, Primeau asserts that he filed his petition pursuant to the instructions of the United States District Court judge in his habeas proceeding, staying his case until he exhausted his "potentially meritorious unexhausted [state law] claims." The fact that the United States District Court judge stayed Primeau's habeas proceeding, however, does not affect our analysis.

{¶15} Accordingly, we find no error on the part of the trial court in dismissing Primeau's petition for postconviction relief.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR