**[Cite as *State v. Allison*, 2024-Ohio-872.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-23-1095

    Appellee                                         Trial Court No.  CR0201902687

v.

Kenneth Javel Allison                          **DECISION AND JUDGMENT**

    Appellant                                        Decided:  March 8, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Kenneth Allison, appeals a March 16, 2023 decision of the Lucas

County Court of Common Pleas that denied his petition for postconviction relief.  For the

following reasons, we affirm.

## I. Background

{¶ 2} Allison and his co-conspirators, Carlson Brown and Edward Reece, were charged with multiple crimes for their respective roles in a July 14, 2019 drive-by shooting on Manhattan Street, in Toledo, Ohio that killed G.S.

{¶ 3} Brown and Reece were tried separately, and their six-day trial concluded on June 2, 2020. Brown was convicted of aggravated murder, among other offenses, and sentenced to 30 years to life, plus additional mandatory and consecutive terms for attached specifications. Reece was found guilty of participating in a criminal gang and sentenced to serve 5 to 7.5 years in prison. (Lucas County Court of Common Pleas case No. CR19-2687).

{¶ 4} The record indicates that before Allison's trial—which did not begin until October 26, 2020—Allison requested the *Reece/Brown* transcript to evaluate the state's case against him. *See State v. Allison* July 13, 2020 Tr. at 2-3. Following this, Allison and the state engaged in settlement discussions but, ultimately, Allison decided that he "[did] not want to go forward with the plea" and "want[ed] to continue with the trial." *Id.* Oct. 28, 2020 Tr. at 2.

{¶ 5} Evidence introduced at Allison's trial established that Allison, Brown, and Reece were members of the same gang and that the trio participated in the drive-by shooting over a territorial dispute with a rival gang. On the day of the shooting, J.P. testified that, while standing on a street corner of Michigan and Walnut Streets, he overheard Allison, Brown and Reece talking about two rival gang members, who were

2.

"[not] paying attention to [their] surroundings" by being "at a blue house on Manhattan [Street]." J.P. knew the house, which was his aunt's, and knew the individuals, one of whom was his cousin, M.P. After Allison had "pulled off in a green van and trailing the white car," J.P. called M.P. to "warn him" and to tell him to "get * * * out [of] the house." M.P., who also testified, was sitting on the front porch of the blue house that day when he received J.P.'s call. Within five minutes of the call, M.P. saw a white sedan "pull up," followed by a Dodge or Chrysler van that was "greenish" in color. M.P. "heard" and "s[aw] * * * bullets * * * ringing out of that van" and identified Allison as one of the shooters. M.P. testified that he was "one hundred percent sure" that he saw Allison shooting from the front, passenger seat of the van. These same eyewitnesses offered similar testimony during the *Reece/Brown* trial. *See State v. Reece,* 6th Dist. Lucas No. L-20-1111, 2021-Ohio-3506, ¶ 15; *State v. Brown,* 6th Dist. Lucas No. L-20-1110, 2021-Ohio-4034, ¶ 12.

{¶ 6} Ultimately, the jury convicted Allison of aggravated murder, murder, three counts of felonious assault, and improper discharge of a firearm into a habitation—all of which carried gang specifications—and a specification for the discharge of a firearm in a motor vehicle. Allison was also convicted of one count of participating in a criminal gang and one count of improperly handling a firearm in a motor vehicle. On November 19, 2020, the trial court sentenced Allison to an aggregate sentence of 30 years to life in prison.

3.

**{¶ 7}** Allison appealed his conviction with appointed counsel. On September 21, 2021, Allison—who was by then represented by new appellate counsel—voluntarily dismissed the notice of appeal. On his notice of dismissal, Allison indicated that the "best way to pursue relief is through a petition for post-conviction relief."

**{¶ 8}** Allison filed for post-conviction relief on May 5, 2022, asserting a single claim of ineffective assistance of trial counsel. Allison alleged that counsel failed to show him two photographs that were produced by the state during pre-trial discovery. The photographs at issue, identified at trial as State's Exhibits 80(G) and 80(H), were taken three days after the murder, by a Toledo Police Detective who was "requested to follow" a "green, teal" Chrysler van that was "possib[ly] involved in [the] shooting." The detective identified exhibit 80(G) as a photograph of Allison standing next to the green van and exhibit 80H as a photograph of Allison crossing a street, with the van barely visible. *See State v. Allison* October 29, 2020 Tr. at 94-98. Allison does not deny that he is the registered owner of the van in the photos.

**{¶ 9}** In support of his petition for postconviction relief, Allison attached his own affidavit, in which he asserted that he twice "rejected a plea offer that would have resulted in * * * an aggregate 11-year [prison] sentence." *See* Allison Aff. at ¶ 4. Allison maintains that if he had "seen" exhibits 80(G) and 80(H) before trial, he "would have accepted the plea offer and entered a [guilty] plea." *Id.* ¶ 7. He further claims that he "never would have proceeded to trial" or, consequently, been sentenced to the harsher prison term of 30 years to life, if he had seen the photos before trial. *Id.* at ¶ 9.

4.

{¶ 10} The state moved for summary judgment. In support, it attached an affidavit from Allison's trial counsel, which contradicted the petition. Counsel averred that, "[b]efore trial, I reviewed all documents, photographs, and recordings produced by the State of Ohio with [Allison]." *See* Carlisle Aff. at ¶ 2. Counsel specified that exhibits 80(G) and 80(H), and a third photo, exhibit 80(I), were among the materials that he "reviewed with [Allison] before trial." *Id.* at ¶ 3. Exhibit 80(I) was identified at trial as a "much clearer" photograph of Allison "walking down the street," with the van no longer visible. *Id.* The state argued that Allison's ineffective assistance claim therefore failed as a matter of law.

{¶ 11} On March 16, 2023, the trial court denied Allison's petition without an evidentiary hearing. It found that the petition, supporting affidavit, documentary evidence, files, and record did not set forth sufficient operative facts to establish substantive grounds of ineffective assistance of counsel.

{¶ 12} Appellant appealed, assigning the following assignment of error for our review:

> *Assignment of Error no. 1*: The trial court abused its discretion when it denied Mr. Allison's request for a hearing on his petition for post-conviction relief.

## II. Law and Analysis

{¶ 13} Generally, we review the denial of an application for postconviction relief for an abuse of discretion. *State v. Belton,* 6th Dist. Lucas No. L-20-1121, 2023-Ohio-

5.

294, ¶ 56, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. However, when the trial court summarily denies a petition on purely legal grounds, our review is de novo. *Id.,* citing *State v. Boaston*, 6th Dist. Lucas No. L-17-1278, 2021-Ohio-360, ¶ 44.

{¶ 14} A postconviction proceeding is a collateral civil attack on a criminal judgment, not an appeal of a criminal conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). To prevail, the petitioner must establish a violation of his constitutional rights that renders the judgment of conviction void or voidable. R.C. 2953.21(A)(1)(a).

{¶ 15} Initial petitions under R.C. 2953.21 may be resolved in one of three ways. *State v. Belton,* 6th Dist. Lucas No. L-20-1121, 2023-Ohio-294, ¶ 50. The court may summarily dismiss the petition without holding a hearing (R.C. 2953.21(D)); grant summary judgment on the petition to the moving party (R.C. 2953.21(E)); or hold an evidentiary hearing on the issues raised in the petition (R.C. 2953.21(F)). *Id.*; *see also State v. Myers,* 12th Dist. Warren No. 2019-07-074, 2021-Ohio-631, ¶ 23, citing *Calhoun* at paragraph two of the syllabus.

{¶ 16} Before a trial court may grant a hearing on the matter, the trial court must first find that the petition alleges "substantive grounds for relief" after evaluating the petition within the context of the entire record in the case. *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 24, citing R.C. 2953.21(D). A petition presents "substantive grounds for relief" when it contains allegations that are sufficient to

state a constitutional claim and the files and records of the case do not affirmatively disprove the claim. (Citation omitted.) *Id.*

{¶ 17} In this case, Allison asserts a claim of ineffective assistance of counsel, which requires him to show that his counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced him to such a degree that there is a reasonable probability that, but for counsel's errors, the result of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

{¶ 18} The Ohio Supreme Court has recognized that postconviction petitions that are premised upon claims of ineffective assistance of counsel may be barred by res judicata in certain instances. *Blanton* at ¶ 30. That is, res judicata bars a postconviction claim that "'was *raised or could have been raised*'" during trial or on appeal from the judgment of conviction." (Emphasis in original.) *Id.*, quoting *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982) and *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). So, where an ineffective-assistance-of-counsel claim raises an issue that "could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief.'" *Blanton* at ¶ 30, 34, quoting *State v. Cole* at syllabus. In contrast, a postconviction claim of ineffective assistance of counsel that relies upon competent evidence outside the

7.

record is "generally * * * sufficient, if not to mandate a hearing, [then] at least to avoid dismissal on the basis of res judicata." *Blanton* at ¶ 31, quoting *Cole* at 114.

{¶ 19} For this reason, the Ohio Supreme Court has mandated a two-part inquiry for courts to use when evaluating a postconviction claim that is premised upon an allegation of ineffective assistance of counsel. *Blanton* at ¶ 33-34. First, the court must conduct a res judicata analysis to determine whether the petitioner has introduced competent evidence of ineffective assistance that was not included in the trial court record. *Id.* at ¶ 33. If so, the court must determine if that evidence presents substantive grounds for relief; "that is, if believed, would the newly presented evidence—together with any evidence in the trial record—establish that counsel was ineffective?" *Blanton* at ¶ 33-34. The Supreme Court cautioned that courts often "conflate" these two inquiries but the "better practice is to treat [them] as analytically distinct." *Id.*

**1.      The petition is not barred by res judicata**.

{¶ 20} As the first step of our *Blanton* analysis, we consider whether Allison's petition introduces competent evidence of ineffective assistance that is dehors the trial court record. *Blanton* at ¶ 33. "Competent evidence" is evidence that is both admissible and that tends to establish a fact at issue. *See, e.g., Hall v. Hall,* 6th Dist. Sandusky No. S-18-011, 2018-Ohio-4453, ¶ 8.

{¶ 21} In his petition, Allison alleges that trial counsel violated his duty to keep Allison "informed of important developments in the course of the prosecution." Specifically, he alleges that as part of discovery, the state gave defense counsel copies of

8.

the two photographs at issue—later marked as Exhibits 80(G) and 80(H) at trial—but counsel did not provide these photographs to Allison for his review. In his supporting affidavit, Allison states that when he rejected a plea offer, he "was unaware that the State had photos of [him] with the vehicle that was used during the commission of the offense (State Trial Exhibits 80G, 80H)." Allison says he "never would have proceeded to trial if [he] had seen the photos before trial."

{¶ 22} Because Allison's claim involves communications, or a lack thereof, with his trial counsel—which, by their very nature, are not contained in the trial court record—the merits of his claim could not have been fully considered in a direct appeal, even if he had pursued such a claim. *Blanton* at ¶ 66. In other words, "a claim of lack of communication between a defendant and his trial counsel is not one that can be borne out by the record [because] [i]t relies upon information necessarily outside the record." (Quotation omitted.) *State v. Lawson,* 2d Dist. Greene No. 2020-CA-16, 2020-Ohio-6852, ¶ 106 (A "claim regarding lack of communication is more properly raised in a petition for post-conviction relief."); *see also, State v. Moss,* 9th Dist. Summit No. 30005, 2022-Ohio-1833, ¶ 30 ("Any evidence Ms. Moss would need to refute [defense counsel's] representations [regarding the pleas offer] would be evidence outside the record, and thus, not suitable for direct appeal.").

{¶ 23} Therefore, we find that the issue raised by Allison could not have been determined without evidence outside the record and that he put forth competent evidence

9.

(i.e., his own affidavit) in support of his claim. Accordingly, Allison's claim is not barred by res judicata.

**2.      Allison's petition does not present substantive grounds for relief.**

{¶ 24} Next, we consider whether the evidence outside the record, together with any evidence in the record, if believed, presents substantive grounds for relief. *Blanton* at ¶ 33-34. More specifically, "substantive grounds for relief" exists if Allison's allegations are sufficient to state an ineffective-assistance claim (i.e., that trial counsel's representation was deficient and that he was prejudiced as a result), and the files and records of the case do not affirmatively disprove this claim. *Id.* at ¶ 24.

{¶ 25} Here, Allison claims that his attorney did not show him two photographs that depicted him with the vehicle that was used during the commission of the offense, and that if counsel had done so, Allison would have accepted the plea offer of eleven years in prison and would not have proceeded to trial, where he was ultimately convicted and sentenced to 30 years to life. In response, the state has submitted an affidavit from his trial counsel denying the claim and stating that "[b]efore trial, I reviewed all * * * photographs * * * produced by the State of Ohio with [appellant]."

{¶ 26} In finding that appellant failed to satisfy the performance prong of his ineffective assistance claim, the trial court weighed the credibility of the conflicting affidavits pursuant to *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), and concluded that "[trial counsel's] affidavit to be more credible than that of the Petitioner and that the two photographs in question were shown to the Petitioner prior to trial." The

10.

trial court went on to find that "[e]ven assuming, *arguendo,* that counsel's performance was deficient, Petitioner has failed to demonstrate the prejudice prong." On appeal, appellant argues that "in light of the competing affidavits as to the underlying issue of whether the photographs were shown to Mr. Allison prior to trial, the trial court should have held a hearing."

{¶ 27} We have reviewed the entire record, and we find that even if we assume that counsel did not show Allison the two photographs before trial, as Allison claims, the record of this case affirmatively disproves his claim of prejudice.

{¶ 28} "To show prejudice from ineffective assistance of counsel where a plea offer has * * * been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Moss* at ¶ 27, quoting *Missouri v. Frye*, 566 U.S. 134, 147, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).

{¶ 29} It strains credulity to believe that Allison would have accepted the plea had he only known that the state was in possession of two photographs, taken three days after the shooting, that depict him walking away from one of the vehicles used during the commission of the offense. First and foremost, it was undisputed that Allison was the registered owner of the vehicle. Thus, the photographs do little more than reiterate that Allison had access to his own vehicle. As the trial court noted, "the photographs in question were merely cumulative evidence of the Petitioner's connection to the vehicle."

11.

{¶ 30} We further agree with the trial court that the cumulative evidence has very little probative value when juxtaposed against the "vast amount of inculpatory" evidence against Allison that was presented during the *Reece/Brown* trial—all of which Allison had access to before declining the plea deal(s). This evidence included testimony from a witness who overhead Allison plotting the offense and driving off in a green van just minutes before the shooting and testimony from an eye-witness who testified, with "one hundred percent" certainty, that he saw Allison shooting from the front, passenger seat of the van—which he owned—that day. If that evidence did not motivate Allison to accept the state's plea offers, there is no reasonable probability that exhibits 80(G) and 80(H) would have done so.

{¶ 31} We therefore find that the record affirmatively disproves Allison's claim that he would have accepted the plea deal if he had only known of the two photographs at issue.

### III. Conclusion

{¶ 32} In sum, although Allison's petition is not barred by res judicata, the trial court did not abuse its discretion by denying the petition, without a hearing, because Allison failed to demonstrate substantive grounds for relief. Thus, his assignment of error is found not well-taken. Accordingly, the trial court's March 15, 2023 judgment entry is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

12.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
Charles E. Sulek, P.J.                                                JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.