[Cite as *State v. Antonacci*, 2025-Ohio-1304.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CALEN ANDREW ANTONACCI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 BE 0053

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 2023 CR 26

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Charles C. Amato*, Amato Law Office, for Defendant-Appellant.

Dated: April 8, 2025

**HANNI, J.**

{¶1}  Defendant-Appellant, Calen Andrew Antonacci, appeals from a Belmont County Common Pleas Court judgment dismissing his petition for postconviction relief that alleged his trial counsel was ineffective at his sentencing hearing resulting in lengthy and consecutive sentences.  Because Appellant's petition was barred by the doctrine of res judicata and counsel was not ineffective, the trial court's judgment is affirmed.

{¶2}  The facts of this case were set out in Appellant's direct appeal:

The charges stem from Appellant's involvement in stabbing Justin Huffman ("Huffman") in the neck with a knife.  Appellant entered the house at issue without permission.  Appellant appeared highly intoxicated and admitted to drinking alcohol.  Present in the home were Huffman, Anna Willson ("Willson"), and Michael Lewis ("Lewis").  All three had to subdue Appellant before calling 911.  Willson was Appellant's prior girlfriend.  Willson apparently left Appellant for Huffman.  Appellant claimed he became depressed as a result of the break-up.  Willson told police officers that Appellant had pulled a gun on her during their break-up while her children were around.  Willson also showed officers text messages in which Appellant said he knew Huffman's address (and gave the correct address), agreed that he had threatened harm to himself or others, and told her to let Huffman know that he would see him soon.

*State v. Antonacci*, 2024-Ohio-946, ¶ 2, fn. 2 (7th Dist.).

{¶3}  A Belmont County Grand Jury indicted Appellant on one count of attempted murder, a first-degree felony in violation of R.C. 2923.02(A)(D) and 2929.02(B); one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2)(D)(1)(a); one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(1)(D); and two counts of aggravated burglary, first-degree felonies in violation of R.C. 2911.11(A)(1)(B).  Appellant initially pleaded not guilty by reason of insanity.

{¶4}  Because he pleaded not guilty by reason of insanity, Appellant underwent both a competency evaluation and an insanity evaluation by a forensic psychologist.  The

forensic psychologist opined that Appellant was capable of understanding the nature and objective of the proceedings against him and assisting counsel in his defense. Thus, he was competent. Additionally, the psychologist determined that Appellant had not been suffering from a severe mental disease or defect at the time of the alleged offense, such that he did have knowledge of its wrongfulness. Appellant had been intoxicated at the time but not insane. After a hearing on the matter, the trial court found Appellant was not insane at the time of the alleged crimes.

{¶5}   On June 7, 2023, pursuant to plea negotiations with Plaintiff-Appellee, the State of Ohio, Appellant pleaded guilty to felonious assault and one count of aggravated burglary. In exchange, the State agreed to dismiss the remaining three felony counts. The trial court accepted Appellant's plea, ordered a presentence investigation (PSI), and set the matter for sentencing.

{¶6}   At the June 20, 2023 sentencing hearing, the trial court considered the record; correspondence from family, friends, and the victims; oral statements; the PSI; and a report from the Eastern Ohio Correction Center. The court then sentenced Appellant to six years (minimum) to nine years (maximum) for felonious assault and eight years (minimum) to 12 years (maximum) for aggravated burglary. Thus, Appellant was ordered to serve a total prison term of 14 years to 18 years.

{¶7}   Appellant filed a direct appeal with this Court. He argued on appeal that his consecutive sentences were not supported by the record. This Court disagreed and affirmed the trial court's judgment on March 14, 2024. *Antonacci*, 2024-Ohio-946 (7th Dist.).

{¶8}   Next, Appellant filed a petition for postconviction relief on July 31, 2024. Appellant asserted that his trial counsel was ineffective at his sentencing hearing resulting in lengthy and consecutive sentences. In response, the State argued that Appellant's claims were barred by the doctrine of res judicata.

{¶9}   The trial court denied Appellant's petition finding that Appellant's claims were barred by the doctrine of res judicata and Appellant had not shown his trial counsel's performance was deficient resulting in a harsher sentence. In support, the court agreed that trial court counsel did not introduce Appellant's mental health records as exhibits at sentencing; however, it pointed out that it considered those same records during its

assessment of Appellant's insanity plea. Moreover, the court found that given Appellant's admitted guilt, the finding that Appellant was sane at the time of offense in addition to the psychologist's findings, and the record before it, the introduction of additional mental health records would not have any weight. In other words, the trial court concluded Appellant could not demonstrate any evidence that his sentence would have been lesser had his counsel introduced additional mental health records.

**{¶10}** Appellant filed a timely notice of appeal on November 21, 2024. He now raises a single assignment of error.

**{¶11}** Appellant's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED ANTONACCI'S PETITION FOR POST-CONVICTION RELIEF FOR INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶12}** Appellant argues the trial court abused its discretion when it denied his postconviction petition without a hearing.[1] He points out that, with his petition, he included his sworn affidavit stating that his trial counsel failed to have consistent contact with him, failed to present mitigating information regarding his mental health issues, and failed to present information that he was screened by the Eastern Ohio Correction Center and found to be at "low" risk for recidivism. He claims each of these items could have favorably impacted his sentence.

**{¶13}** An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. Abuse of discretion connotes more than an error of judgment; it implies the trial court acted arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

---

[1] Appellant attached copies of various medical records as attachments to his appellate brief. These records are mostly dated from 2019 and some are dated from early 2023. They would have been available to the psychologist who evaluated Appellant. The records do not otherwise appear to be part of the record. Therefore, they will not be considered by this Court.

Case No. 24 BE 0053

{¶14} A postconviction petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112 (1982). Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief. R.C. 2953.21(C). The trial court's decision of whether to hold an evidentiary hearing in postconviction matters is reviewed for abuse of discretion. *State v. Haschenburger*, 2009-Ohio-6527, ¶ 43 (7th Dist.).

{¶15} R.C. 2953.21(F) provides in relevant part: "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."

{¶16} In this case, the trial court did not abuse its discretion in finding that Appellant failed to show he is entitled to relief and the petition is barred by the doctrine of res judicata.

{¶17} Appellant's main contention in his petition was that his trial counsel was ineffective for failing to introduce his mental health records at his sentencing hearing.

{¶18} The doctrine of res judicata provides that any issue that could have been raised on direct appeal, and was not, is barred in later proceedings and not subject to review. *State v. Saxon*, 2006-Ohio-1245, ¶ 16.

{¶19} Contrary to Appellant's assertions, his counsel did raise Appellant's mental health at his sentencing hearing. (Sentencing Tr. 38-39). Counsel acknowledged that the sanity evaluation did not result in an insanity defense, but was nonetheless something for the court to consider in sentencing Appellant. (Sentencing Tr. 39). And the trial court indicated that it considered the entire record (which included the insanity evaluation and Appellant's mental health records) and the PSI (which indicated Appellant's risk as low). (June 23, 2023 JE).

{¶20} Based on the above, Appellant's argument that his counsel failed to present mitigating information regarding his mental health issues and failed to present information that Appellant was screened by the Eastern Ohio Correction Center and found to be at low risk for recidivism, are barred by the doctrine of res judicata. These items were clearly considered by the trial court prior to sentencing Appellant.

{¶21} Appellant's remaining allegation in his postconviction petition is that his trial counsel failed to have consistent contact with him and this resulted in a harsher sentence

for him.  Appellant asserted that between March and June 2023, he did not speak with his counsel.

**{¶22}** Trial counsel filed a not guilty by reason of insanity plea on Appellant's behalf in February 2023.  The court then ordered a psychological evaluation.  Appellant's evaluation took place in May 2023.  Thus, during the time Appellant complains he did not communicate with his counsel, he was simply waiting for his sanity evaluation.  There is no indication in the record that had trial counsel communicated with Appellant during this time, it could have resulted in a lesser sentence for him.  Thus, Appellant's petition did not demonstrate any grounds for relief in this respect.

**{¶23}** Based on the above, the trial court did not abuse its discretion in denying Appellant's postconviction petition without a hearing.

**{¶24}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶25}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P.J., concurs.

Dickey, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**